[Civ. No. 1843.   Fourth Appellate District.—September 28, 1938.]

JAMES M. O'HARE et al., Respondents, v. PEACOCK
DAIRIES, INC. (a Corporation), Appellant.

Harvey, Johnston & Baker for Appellant.

Joseph Scott and Claflin & Dorsey for Respondents.

MARKS, J.—This is a motion to recall the *remittitur*
issued by the clerk of this court on July 14, 1938, and to
strike therefrom the words, ''Appellant to recover costs on
appeal.''

Plaintiffs instituted an action in the Superior Court of
Kern County to recover damages for breach of contract.
They were awarded judgment in the sum of $10,158.24.
Defendant appealed from the entire judgment and presented
a complete record on appeal bearing our Civil Number 1843.
We will refer to this case as defendant's appeal.   Plaintiffs
appealed from the portion of the judgment which fixed their
damages at $10,158.24.   This appeal was also presented on
its complete record bearing our Civil Number 1842.   We
will refer to this case as plaintiffs' appeal.

As the entire judgment was before us in defendant's
appeal, the question of the amount of damages awarded could

be considered there. For our own convenience, and to save needless repetition, we considered all the questions presented on both appeals in defendant's appeal (*O'Hare* v. *Peacock Dairies, Inc.*, 26 Cal. App. (2d) 345 [79 Pac. (2d) 433]), and filed a memorandum opinion in plaintiffs' appeal. (*O'Hare* v. *Peacock Dairies, Inc.*, 26 Cal. App. (2d) 753 [79 Pac. (2d) 443].) The orders made in the two appeals are identical and are as follows:

"The judgment is reversed and the cause is remanded for new trial solely on the issue of the amount of damages, with direction to the trial court to retry the issue of the amount of damages only; to amend its finding of fact and conclusions of law in accordance with the evidence so taken and the views herein expressed, and to render judgment in favor of plaintiffs for the amount of damages so found upon a determination of that issue."

As the judgment had been reversed in both appeals, the clerk in issuing the *remittiturs* awarded costs to the appellant in the one case, and to the appellants in the other case on the theory that the reversal made them the "prevailing party" under the provisions of section 1034 of the Code of Civil Procedure and rule XXIII, Rules for the Supreme Court and District Courts of Appeal.

Plaintiffs contend that as they were really the victors in both appeals they should be considered the "prevailing party" in both and that the costs on appeal should not be taxed against them in either appeal. This argument overlooks the fact that the appeals were separate and distinct, were on separate records, and that in each appeal the judgment was reversed.

The decision here must turn on the definition of "prevailing party" as used in section 1034 of the Code of Civil Procedure. "Prevailing party" was thus defined in *United States* v. *Minneapolis, St. P. & S. S. M. Ry. Co.*, 235 Fed. 951:

"Section 7976, Gen. St. Minn. 1913, contains the following provision: 'In every action in a district court, the prevailing party shall be allowed his disbursements necessarily paid or incurred.' The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered, . . . " (See, also, *Dunne* v. *New York Tel.*

*Co.,* 107 Misc. 439 [176 N. Y. Supp. 519] ; *Klock Produce Co.* v. *Diamond Ice & Storage Co.,* 98 Wash. 676 [168 Pac. 476] ; *Portland & Oregon City Ry. Co.* v. *Doyle,* 86 Or. 206 [167 Pac. 270, 168 Pac. 291].)

A judgment for costs on appeal is a complete judgment in itself that may be enforced by execution prior to the entry of final judgment. ''There is no interdependence between the judgment for costs of the former appeal and any judgment which may subsequently be entered in the main case.'' (*First Nat. Bank* v. *Stansbury,* 214 Cal. 190 [5 Pac. (2d) 11].)

The question presented here is identical with that before the court in *Broy* v. *Calaveras Central G. M. Co.,* 22 Cal. App. (2d) 232 [70 Pac. (2d) 689], where it was said:

''In our opinion respondent's motion must be denied. The appeal resulted in a reversal with directions and appellants were the prevailing parties and were entitled to their costs. Said appeal did not result in a modification of the judgment and no proceedings were had pursuant to the provisions of section 956a of the Code of Civil Procedure as claimed by respondent. Hence the cause did not fall within the exceptions set forth in section 1034 of the Code of Civil Procedure and the matter of costs was not within the discretion of this court.'' (See, also, *Baker* v. *Southern Cal. Ry. Co.,* 130 Cal. 113 [62 Pac. 302] ; *Crittenden* v. *San Francisco Sav. Union,* 157 Cal. 201 [107 Pac. 103] ; *Robinett* v. *Brown,* 167 Cal. 735 [141 Pac. 368] ; *Oakland* v. *Pacific Coast Lbr. etc. Co.,* 172 Cal. 332 [156 Pac. 468, Ann. Cas. 1917E, 259] ; *Horan* v. *Varian,* 207 Cal. 7 [276 Pac. 1002].)

Plaintiffs' argument that they were in fact the parties benefited by the reversals is largely based on the following statement in our opinion in defendants' appeal: ''Milk prices were greatly depressed after the contract was executed. This would probably entitle plaintiffs to recover a greater sum than that awarded in the court below.'' To obviate any future misunderstanding of the effect to be given the foregoing quotation it should be observed that it was merely an expression of a surmise on the part of the writer of that opinion and had no proper place in it. The question of the amount of damages to be awarded will be determined upon the evidence produced at the second trial. An appellate

court should not, during an appeal from a first judgment, conjecture upon what the evidence at a second future trial might show.

The motion is denied.

Barnard, P. J., concurred.