[Civ. No. 13613. Second Dist., Div. Three. Mar. 11, 1943.]

ADOLPH B. ROSENFIELD, Appellant, v. SIDNEY C. VOSPER et al., Respondents.

Adolph B. Rosenfield, in pro. per., for Appellant.

D. A. Boone and James T. Satchell for Respondents.

SHAW, J. pro tem.—On a former appeal by defendants in this action a judgment in favor of plaintiff was reversed and the defendants were awarded their costs on appeal, the sole ground of reversal being misconduct of the trial judge. (*Rosenfield* v. *Vosper*, (1941) 45 Cal.App.2d 365 [114 P.2d 29].) Thereafter defendants filed their verified memorandum of costs in the sum of $1,961.90, plaintiff made a motion to strike this memorandum and to tax costs, and the trial court made an order taxing and allowing costs in the sum of $1,932.30, from which this appeal is taken by plaintiff.

Plaintiff's first contention is that the memorandum of costs was not properly verified because the verifying affidavit purported to be made on information and belief, and hence the memorandum affords no support for the judg-

ment for costs and should have been stricken. Section 1034 of the Code of Civil Procedure provides that a memorandum of costs on appeal must be "verified as prescribed by the preceding section." This doubtless refers to section 1033, which was the next preceding section when the language just quoted was first placed in section 1034, but the meaning would not be altered if the cross-reference were pointed at section 1033½, which has since intervened, for it contains the same provisions as section 1033 in regard to the subject of the cross-reference. Section 1033 authorizes a verification by the party's attorney, "stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." The verification here was so made, and, being authorized by the statute, must be accepted as sufficient, regardless of rules that affidavits made on information and belief are not sufficient for various other purposes. Being thus properly verified, the memorandum constitutes a prima facie showing sufficient to support the trial court's decision in allowing all such items as appear, on their face, to be for proper and necessary costs on appeal. (7 Cal.Jur. 296, 297; *Tulare Irrigation Dist.* v. *Lindsay-Strathmore Irrigation Dist.*, (1928) 205 Cal. 6, 10 [269 P. 525]; *Haydel* v. *Morton,* (1937) 18 Cal.App.2d 695 [64 P.2d 954].)

The first four items claimed in the cost bill were for costs in the trial court, including costs of the trial preceding the former appeal. The court allowed $119.50 on account of these costs. This was error, as respondents now concede. Such costs are not part of the costs on appeal; they are recoverable only upon entry of the judgment which finally disposes of an action in the trial court. (*Monson* v. *Fischer,* (1933) 219 Cal. 290 [26 P.2d 6]; *Atchison etc. Ry. Co.* v *Superior Court,* (1939) 12 Cal.2d 549, 554 [86 P.2d 85].)

Plaintiff objects to any charge for certain exhibits included in the reporter's transcript on the ground that they were not typewritten but were reproduced by a photostatic process. The objection is based in part on the ground that the reporter could not himself, as reporter, make these photostatic copies, and in part on the ground that section 274, Code of Civil Procedure, fixes the reporter's charge only for words, not for photographs. Section 953a of the Code of Civil Procedure, which covers the matter of preparation of the record on appeal when the reporter's transcript method

is used, provides that, ''The stenographic reporter shall . . . prepare a transcript of the phonographic report of the trial, including therein copies of all writing offered or received in evidence. . . .'' This provision does not require that the reporter himself personally make this transcript. It is a matter of common knowledge, in the courts, at least, that reporters in the busier courts do not do this; they use dictation machines and employ transcribers to write the transcripts. This practice is consonant with section 953a, for when the reporter adopts and certifies his transcribers' work he does, in legal effect, ''prepare'' it. No reason appears why the same rule cannot be applied where the reporter engages a photographer to make a photostatic copy of an exhibit. It should be noted that section 269, Code of Civil Procedure, requires the reporter to write out his transcripts ''in plain and legible longhand, or by typewriter, or other printing-machine.'' Giving these words a reasonable construction to make them effective in all cases, they may fairly comprehend the photostatic process for making prints of exhibits. Rule VII, section 2, of the Rules for the Supreme Court does, it is true, provide that transcripts prepared under section 953a, Code of Civil Procedure, must be typewritten; but this is a matter for the convenience and cognizance of the appellate court only. If no objection is made there to the transcript on the ground that it is not prepared in proper form, it is too late to do so on objection to otherwise proper costs on appeal.

 We need not determine what rule should be applied in reference to the cost of copying exhibits, such as maps, diagrams and pictures, which contain few or no words. There is nothing in the record to show that the photostatic reproductions complained of contained anything other than words. As far as appears the proper charge for them could be estimated on the wordage basis provided in section 274, Code of Civil Procedure. If the facts were otherwise, the burden was upon plaintiff to show them and this he failed to do.

 Plaintiff further contends that defendants should have itemized their charge for reporter's transcript and shown the necessity of each item. Where the record is prepared under section 953a, Code of Civil Procedure, the cost of a reporter's transcript is made a proper item of costs on appeal, by section 1034, Code of Civil Procedure. No further itemization of that expense was necessary, and the verified cost bill

constituted a sufficient showing in support of it, under the rule above stated.

In support of his motion plaintiff made affidavit that the reporter's transcript included a large number of pages of exhibits, of which the originals could have been sent up to the appellate court and thus the expense of copying them could have been avoided. This could have been done by the appellant in the former case under rule IX, section 1 of the Supreme Court Rules. But section 1034, Code of Civil Procedure, provides that "The appellate court may reduce costs in case of the insertion of unnecessary matter in the record." This refers to the appellate court passing on the appeal in which costs are awarded, and removes the subject from the jurisdiction of the trial court, except to carry out any direction made by such appellate court. Here the appellate court made no order on this matter on the former appeal.

In the affidavit in support of his motion plaintiff stated that he had been informed by the reporter that the cost of the transcript was less than the amount claimed by the defendants therefor. This was but hearsay and was not sufficient to overcome the verification of the cost bill. A further objection is that it does not appear that the reporter's transcript mentioned in the cost bill was the transcript on appeal. But this item, while listed simply as "Reporter's Transcript," appears under a heading "MEMORANDUM OF COSTS ON APPEAL," and this is sufficient to indicate the nature and purpose of the transcript as a transcript on appeal.

Finally, plaintiff argues that to tax costs against him on a reversal resulting from misconduct of the trial judge, which the plaintiff did not provoke or participate in, is not due process of law and is contrary to the Fifth Amendment to the United States Constitution. The Fifth Amendment is not applicable to state action, and if plaintiff means to invoke the Fourteenth Amendment, or the similar provision of our state Constitution (art. I, sec. 13), he does not so state.

But assuming such to be his intention, no authority is cited supporting his contention and we know of none. The opinion on the former appeal (45 Cal.App.2d 365 [114 P.2d 29]) discloses that the facts regarding the reason for the reversal are as claimed by plaintiff. But his contention here overlooks the nature of costs. They are not a penalty imposed on the losing party for his misconduct. "They are in the nature of inci-

dental damages allowed to indemnify a party against the expense of successfully asserting his rights in court." (20 C.J.S. 257; *Purdy* v. *Johnson,* (1929) 100 Cal.App. 416, 418 [280 P. 181].) "Costs are a part of the burden of litigation, and no litigant is deprived of a constitutional right by statutes which impose such costs upon him." (*Daniel* v. *Daniel,* (1921) 116 Wash. 82 [198 P. 728, 27 A.L.R. 177, 181].)

▮▮▮ Section 1034, Code of Civil Procedure, plainly provides that "the prevailing party on appeal shall be entitled to his costs," with exceptions not material here, and even in the excepted cases costs are in the discretion of the appellate court, which, in this case, awarded them to the prevailing party on the former appeal. Even if the contention made here had merit, it should have been presented to the court on the former appeal. The judgment awarding costs, made on that appeal, is conclusive here.

The order taxing costs is modified by reducing the amount of costs allowed thereby from $1,932.30 to $1,812.80 and as so modified it is affirmed, the appellant to recover his costs of this appeal.

Shinn, Acting P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied April 2, 1943, and the following opinion was then rendered:

THE COURT.—Rehearing denied. In his petition for rehearing appellant states that we have misconceived the nature of his objection to the affidavit verifying the memorandum of costs, and that his point in that respect is that the affidavit is not in the form authorized by the code and for that reason is, in legal effect, no verification at all. It is true, the affidavit departs slightly from the code in its arrangement of words. The code provision is for "a memorandum of the items of his costs and necessary disbursements in the action or proceeding, . . . verified by the oath of . . . stating that to the best of his knowledge and belief the items are correct, and that the disbursements have been necessarily incurred in the action or proceeding." (Code Civ. Proc., sec. 1033.) The affidavit of respondents' attorney here was "that to the best of his knowledge and belief the foregoing items of costs and

disbursements in this action are correct, and that the said disbursements have been necessarily incurred." In effect the code form is that "the disbursements have been necessarily incurred in this action" and the affidavit states that "the disbursements in this action have been necessarily incurred." The difference is merely in the location of the words "in this action." We cannot see that this difference causes any substantial difference in meaning, and for that reason stated in our former opinion, without discussion, the conclusion, to which we still adhere, that the affidavit conformed to the code.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1943.