[Civ. No. 12401. First Dist., Div. One. Sept. 29, 1943.]

JOE PAINE, Respondent, v. BANK OF CERES (a Corporation), Appellant.

Herbert E. Paul and Dennett & Paul for Appellant.

Nat Brown and C. H. Hogan for Respondent.

PETERS, P. J.—Motion to recall remittitur.

On June 17, 1943, this court filed its opinion in the above entitled case affirming the judgment of the trial court. (*Paine v. Bank of Ceres*, 59 Cal.App.2d 242 [138 P.2d 396].) The action had been brought by plaintiff for damages for the conversion of his cattle. Judgment was entered in favor of the plaintiff for $849.02. In the notice of motion filed herein it is stated that this judgment was one that could have been rendered by the justice's court in the county concerned. It is further averred, and not denied, that the superior court has denied plaintiff his trial costs.

After this court had affirmed the judgment, and after the judgment had become final, the clerk of this court, on August 17, 1943, issued the remittitur. The remittitur is in the usual form and concludes with this sentence: "The respondent to recover costs of appeal." The defendant's present motion is to recall the remittitur for the purpose of striking therefrom the allowance of costs. If the costs were improperly allowed

this is the proper remedy. (*San Joaquin etc. Irr. Co.* v. *Stevinson*, 165 Cal. 540 [132 P. 1021].)

An examination of the pertinent code sections demonstrates that the costs on appeal were properly allowed the prevailing party. Section 1032 of the Code of Civil Procedure provides that: "In the superior court, except as otherwise expressly provided, costs are allowed of course" to the prevailing plaintiff, provided "that the plaintiff shall not recover costs when the judgment is one which could have been rendered by a municipal or inferior court within the same county or city and county." This section, by its terms, is limited to costs in the trial court, and, acting pursuant thereto, the trial court has properly denied the prevailing plaintiff his trial costs. That section, however, has no application to costs on appeal. Such costs are governed by section 1034 of the Code of Civil Procedure. That section provides that: "The prevailing party on appeal shall be entitled to his costs" except in certain circumstances not here involved. There is no such exception as is contained in section 1032.

The rules announce the same rule. Under old rule XXIII it was provided that: "In all cases in which the judgment or order appealed from is affirmed, the clerk will enter upon the record, and insert in the remittitur, a judgment that the respondent recover the costs of appeal." Rule 26(a) of the new Rules on Appeal, in restating the rule to accord with existing practice, provides: "Except as hereinafter provided, the prevailing party shall be entitled to his costs on appeal as an incident to the judgment on appeal. . . . In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper."

From these sections and rules it is apparent, first, ▮ that section 1032 of the Code of Civil Procedure has no application to the denial of costs on appeal; ▮ second, that under section 1034 and the old and new rules there is no denial of costs on appeal to the prevailing plaintiff because his judgment is within the jurisdictional limits of an inferior court within the county. In fact, section 1034, old rule XXIII, and new rule 26(a) expressly provide for the recovery of costs on appeal by the plaintiff if he prevails on appeal.

The reason for the distinction between the allowance of trial and appeal costs is apparent. The disallowance of trial costs, when the judgment is within the jurisdiction of an inferior court, was intended as penalty where the plaintiff

prays for an amount in excess of the inferior court's jurisdiction but secures judgment for an amount within such jurisdiction. It was intended to compel plaintiffs to bring such doubtful cases in the inferior courts. But after the plaintiff prevails it is the defendant that prosecutes the appeal. The plaintiff is no longer the moving party. For that reason, if the plaintiff prevails on appeal, there is no sound reason why he should be further penalized by being denied his costs on appeal.

Another complete answer to the contentions of defendant is found in rule 26 (a) above quoted. That section provides, as already pointed out, that: "In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs which it deems proper." As stated in the Draftsman's Notes to the new rules: "In the main this rule attempts to state and clarify existing practice, recognizing the power of the court, notwithstanding C.C.P. 1034, to exercise discretion in changing the normal award of costs." Thus, an allowance of costs to the prevailing party on appeal is within the discretion—i. e., the jurisdiction—of the appellate court. A remittitur will be recalled only where the judgment of the appellate court has been secured by fraud or imposition, or where the court has been led astray so as to decide the case under a misapprehension of the true facts, or where the court had no jurisdiction to act. (*Isenberg* v. *Sherman*, 214 Cal. 722 [7 P.2d 1006]; *Trumpler* v. *Trumpler*, 123 Cal. 248 [55 P. 1008].) Normally, as already pointed out, the prevailing party is entitled to his costs on appeal as of course. If the losing party wants to urge that the appellate court should exercise its inherent power and deny costs to the prevailing party in the interests of justice he should normally urge such point before the appellate court has lost jurisdiction by the issuance of the remittitur. He should not be permitted to wait and see if the court exercises such power on its own motion, and, if it does not, secure, in effect, a second hearing on a motion to recall the remittitur.

The motion is denied.

Ward, J., and Dooling, J. pro tem., concurred.