[Civ. No. 24116. Second Dist., Div. One. Dec. 1, 1959.]

H. J. WILSON, Appellant, v. WILLIAM G. SHARP et al., Respondents.

*Assigned by Chairman of Judicial Council.

John J. Guerin for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and Lloyd S. Davis, Deputy County Counsel, for Respondents.

LILLIE, J.—In the main action filed by appellant Wilson against respondent Sharp, Clifford N. Amsden, Joseph M. Lowery and the County of Los Angeles, judgment in favor of defendants was entered by the trial court on October 24, 1957. It was affirmed on appeal (*Wilson* v. *Sharp*, 166 Cal. App.2d 766 [334 P.2d 25]), and the remittitur of this court which ordered "judgment is affirmed. Respondents to recover costs on appeal," was filed on March 9, 1959. Pursuant thereto, all defendants represented by the county counsel filed with the court below their memorandum of costs on appeal claiming a total of $318.21—$150.20 for a reporter's transcript and $168.01 for the printing of "Respondents' Brief." Plaintiff moved to tax costs and requested the trial court to strike the sum of $150.20 as an expenditure for a copy of the reporter's transcript for defendants' personal use, and to apportion the $168.01 item for respondents' brief by segregating and striking from that amount the portion claimed on behalf of defendant Sharp. The court below struck the $150.20 expenditure, but denied that portion of the motion seeking apportionment of the $168.01 item by ordering costs taxed in that amount. It is from this order plaintiff has appealed.

The principal action, one of a long line of suits filed by appellant as a taxpayer in connection with the conduct of the Los Angeles County Civil Service Commission relative to

examinations for, and appointments to, positions in the office of the county clerk, was brought for declaratory relief and to recover public monies allegedly paid without authority of law. He sought recovery from Sharp for salary paid to him as Executive Assistant County Clerk, and imposition of liability on defendants Amsden as Secretary and Chief Examiner of the Los Angeles County Civil Service Commission, Joseph M. Lowery as Auditor of the County of Los Angeles, and the County of Los Angeles, for causing to be paid and paying to Sharp his salary from public funds.

From the inception of the case, Sharp and the other defendants have at all times been represented as a group by the county counsel who appeared for them—in the trial on the merits before the lower court, on the appeal to this court from the lower court's judgment, on appellant's petition for hearing in the Supreme Court, in the lower court in presenting their memorandum of costs, and now on this appeal from the order taxing costs.

In support of his basic contention that the lower court erred in failing to segregate and strike from the $168.01 item expended for the printing of respondents' brief on the appeal from the trial court's judgment on the merits that portion claimed by the county counsel on behalf of respondent Sharp, appellant in effect argues that although this court on that appeal entered judgment ordering that all respondents recover their costs thereon, "the County Counsel had no lawful right to act as attorney for respondent Sharp in this action and has no lawful right to claim costs expended by respondent Sharp" because he was not lawfully appointed to the position of chief deputy county clerk, and even if his appointment was valid, he is only an employee of the county clerk, not an officer entitled to the legal representation of the county counsel; and in any event, Sharp represented only himself in the main action which constituted a matter personal to him and not relative to the duties of any office, for which reason an apportionment should have been made separating respondent Sharp's costs on the appeal from those of respondent county officers appearing and defending in their official capacity— all of which matters should and could have been raised on the previous appeal on the merits and decided by this court before its entry of judgment for costs in favor of respondents.

 It has long been settled that an appellate court by its judgment determines the final award of costs on appeal

(who shall recover the same), and the trial court determines the specific judgment (what items of costs the entitled party may recover under the general award) (*Gray* v. *Gray*, 11 Cal. 341; *Bell* v. *Superior Court*, 150 Cal. 31 [87 P. 1031]).

Although under both the court rules (Rules on Appeal, rule 26(a)) and the Code of Civil Procedure (§ 1034), the prevailing party on appeal is entitled to his costs and the appellate court awards them as of course, this court also may, in its discretion, make any award or apportionment of costs it deems proper in the interests of justice (Rules on Appeal, rule 26(a); *Paine* v. *Bank of Ceres*, 60 Cal.App.2d 621 [141 P.2d 219]). Inasmuch as appellant claims that the county counsel not only *has* no right to represent respondent Sharp for the recovery of his costs on appeal, but *had* no right to represent him "in this action" upon which this court awarded costs and entered judgment therefor, both of which contentions he predicates upon the invalidity of Sharp's appointment and the unofficial nature of his appearance in the main case, thereby justifying an apportionment of respondents' costs to eliminate the county counsel's claim thereto on his behalf; and inasmuch as he could and should have called the issue of the propriety of the county counsel's representation of Sharp to the attention of this court on the prior appeal on the merits before it entered judgment ordering recovery of costs for all respondents, we find no merit in appellant's present attempt to relitigate matters already decided and litigate issues which could have been previously decided by this court had they been timely and properly raised. The appellate court is now without jurisdiction to decide the basic issue of the county counsel's right to represent Sharp on the previous appeal which resulted in the judgment for his costs, for after it made the award and its remittitur was lodged in the court below its jurisdiction over the action ceased and revested in the trial court. (*Nuckolls* v. *Bank of California*, 10 Cal.2d 266 [74 P.2d 264, 114 A.L.R. 708]; *Riley* v. *Superior Court*, 49 Cal.2d 305 [316 P.2d 956]; *Horan* v. *Varian*, 207 Cal. 7 [276 P. 1002].) In point, although involving a motion to recall the remittitur is the case of *Paine* v. *Bank of Ceres*, 60 Cal.App.2d 621, in which the court stated at page 623 [141 P.2d 219]: "Thus, an allowance of costs to the prevailing party on appeal is within the discretion—i.e., the jurisdiction—of the appellate court. A remittitur will be recalled only where the judgment of the appellate court has been secured by fraud or imposition, or

where the court has been led astray so as to decide the case under a misapprehension of the true facts, or where the court has no jurisdiction to act (citations). Normally, as already pointed out, the prevailing party is entitled to his costs on appeal as (a matter) of course. If the losing party wants to urge that the appellate court should exercise its inherent power and deny costs to the prevailing party in the interests of justice he should normally urge such point before the appellate court has lost jurisdiction by the issuance of the remittitur. He should not be permitted to wait and see if the court exercises such power on its own motion and, if it does not, secure, in effect, a second hearing on a motion to recall the remittitur.''

Existent in our law is the rule that there is a presumption that an attorney has authority to appear for whom he professes to act (*Voinich* v. *Rolleri*, 203 Cal. 379 [264 P. 240]). Although this presumption is disputable (*Sullivan* v. *Dunne*, 198 Cal. 183 [244 P. 343]) the burden of proof rests upon him who seeks to rebut it (*Wilson* v. *Barry*, 102 Cal.App.2d 778 [228 P.2d 331]). At all times, and particularly on the prior appeal on the merits, respondent Sharp with the other defendants was represented by the county counsel. Appellant's present contention that the county counsel could not properly represent respondent Sharp in the action and for recovery of his costs on appeal is predicated in part upon the same point he raised in the appeal on the merits—that respondent Sharp was not entitled to be paid a salary out of public funds because his civil service appointment was not valid. The record before us, which includes the record in the previous appeal (Second Civil No. 23182) incorporated herein by reference (Rules on Appeal, rule 11(b)), is completely bare of any challenge to the right of the county counsel to serve as respondent Sharp's attorney on that appeal prior to the hearing in the lower court on the motion to tax costs. At no time during the previous appeal upon which costs were awarded was the issue raised before this court giving it an opportunity to consider and pass upon the question whether the county counsel had authority to represent Sharp in that proceeding and ultimately to claim his costs on appeal awarded under its judgment. That appellant had ample opportunity to raise the point at that time is clear from the record, briefs and oral argument in the appeal on the merits (Second Civil No. 23182), in which the legality of the salary paid to respondent Sharp out of

public funds was upheld (*Wilson* v. *Sharp,* 166 Cal.App.2d 766 [334 P.2d 25]). Appellant there argued extensively the same contention that Sharp had not been lawfully appointed to various positions held by him in the service of the county clerk and any compensation paid to him as salary therefor from public funds was paid without authority of law and should be returned to the public treasury. On this he could as well have submitted the issue of the county counsel's lack of authority to represent Sharp (which is based on the same or similar argument made by appellant), and properly and timely raised the matter of the capacity in which respondent Sharp appeared in the action filed against him. This appellant did not do. It is obvious, however, from the decision in that appeal (*Wilson* v. *Sharp,* 166 Cal.App.2d 766 [334 P.2d 25]) upholding the validity of the salary paid to him out of public funds that this court recognized the legality of respondent Sharp's various appointments including, contrary to appellant's claim herein, that to the office of chief deputy county clerk. It stated at page 776: "In any event the question of the validity of Sharp's appointment as chief deputy county clerk was settled by *Wilson* v. *Los Angeles County Civil Service Com.; supra,* 103 Cal.App.2d 426 [229 P.2d 406]."

. It is clear that the query concerning the county counsel's right to claim costs for respondent Sharp, based upon the invalidity of his appointment relates back to the issue already heretofore decided by this court (*Wilson* v. *Los Angeles County Civil Service Com., supra,* 103 Cal.App.2d 426; *Wilson* v. *Sharp,* 166 Cal.App.2d 766 [334 P.2d 25]) which is conclusive on this appeal. This is not a case in which the basic issue first arose in the lower court on the presentation of the cost bill, but one in which it and the situation giving rise to the same have existed in the same manner throughout the previous appeal upon which the costs in question were awarded. The judgment of this court, including the award of costs, is conclusive here and the issue cannot now be raised in the instant proceeding (*Shore* v. *Shore,* 43 Cal.2d 677, 681 [277 P.2d 4]). It is conclusive not only as to the issues raised and decided, but as to those which could have been raised.

A similar situation arose in *Rosenfield* v. *Vosper,* 57 Cal. App.2d 605 [134 P.2d 529, 135 P.2d 579]. Therein defendants in the main case appealed from a plaintiff's judgment and this court reversed it on the sole ground of the misconduct of the trial judge, awarding costs on appeal to defendants. When they filed their cost bill, plaintiff unsuccessfully moved to

strike the same and tax costs. As in the instant case wherein appellant claims that because of respondent Sharp's "status" recovery of his costs on appeal by the county counsel is in violation of the California Constitution prohibiting the expenditure of public moneys for private purposes, the appellant's argument in the Rosenfield case, *supra*, was that to tax costs against him on a reversal in the main case resulting from misconduct of the trial judge which plaintiff neither provoked nor participated in, was a violation of due process of law under the California Constitution. The appellate court, holding that a judgment awarding costs on appeal is conclusive upon a subsequent appeal in the same action, said at page 611: "Section 1034, Code of Civil Procedure, plainly provides that 'the prevailing party on appeal shall be entitled to his costs,' with exceptions not material here, and even in the excepted cases costs are in the discretion of the appellate court, which, in this case, awarded them to the prevailing party on the former appeal. Even if the contention made here had merit, it should have been presented to the court on the former appeal. The judgment awarding costs made on that appeal is conclusive here."

For the foregoing reasons we conclude that the issue arising out of appellant's request to the trial court to apportion the respondents' costs on appeal—the authority of the county counsel to represent respondent Sharp in the action and before the lower court on the filing of the memorandum of costs on appeal—cannot now be considered by this court since its judgment awarding costs is conclusive on this issue, and not only is it not timely and properly raised at this point, but is one which could and should have been decided by this court on the prior appeal.

We therefore deem it unnecessary to discuss the merits of appellant's contentions relative to respondent Sharp's status, the county counsel's right to represent him in the previous appeal and herein, and the matter of apportionment.

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.