6 Cal.Rptr. 542]

[Civ. No. 24403.    Second Dist., Div. Two.    July 20, 1960.]

FRANCIS L. HARMON, Appellant, v. THE PACIFIC
TELEPHONE AND TELEGRAPH COMPANY (a
Corporation), Respondent.

Francis L. Harmon, in pro. per., for Appellant.

Lawler, Felix & Hall, Leslie C. Tupper and Francis N. Marshall for Respondent.

FOX, P. J.—In his complaint plaintiff alleges that for some time prior to February, 1959, defendant had furnished him with two-party residential telephone service. The regular monthly charge therefor was a flat rate of $3.50 plus 35 cents tax, making a total charge of $3.85 per month. Up to and including February 13, 1959, plaintiff had paid in full for all service charges for which he was billed. On the statement dated March 13, 1959, defendant billed plaintiff for message units and tax thereon in the amount of 52 cents in addition to the regular monthly service charge and tax of $3.85. On the statement for April 13, 1959, defendant billed plaintiff for message units and tax thereon in the amount of $1.03 in addition to the regular monthly service charge and tax thereon. Plaintiff claimed that no one had made any calls from his number which were subject to a message unit charge and advised defendant that he would not pay such charges unless and until they were identified as to date and telephone number. Defendant refused either to identify the aforesaid calls or to eliminate them from its statements. Plaintiff refused to pay the aforesaid charges. As a consequence, defendant disconnected its service to plaintiff and removed its telephone from his premises.

Plaintiff alleges that an actual controversy exists between him and defendant in that defendant claims the right to charge its subscribers for "message units" without identifying the calls, whereas plaintiff claims that he has a right to receive an identified list of such calls. Plaintiff seeks a declaration as to whether defendant has a right to charge him and other subscribers for "message units" without identifying such calls upon demand.

Defendant demurred on the ground that the "court has no jurisdiction over the subject matter of this action." It was sustained without leave to amend. A judgment of dismissal followed. It is from this judgment that plaintiff has appealed.

Our Constitution and statutes have vested in the Public Utilities Commission the exclusive jurisdiction over

the conditions under which public utilities render their public utility services. (Cal. Const., art. XII, § 23; Pub. Util. Code, §§ 701, 730, 761, 1709 and 1759.) Section 1759 of the Public Utilities Code provides that no court except the Supreme Court has the power to review, reverse, correct, or annul any order or decision of the commission. (See *Gillies* v. *La Mesa etc. Irr. Dist.*, 54 Cal.App.2d 756, 762 [129 P.2d 941]; *Southern Calif. Tel. Co.* v. *Carpenter*, 75 Cal.App.2d 336, 342-343 [171 P.2d 142].) ▉▉▉ The subject matter of the controversy herein, i.e., the practice which should be followed in billing for message unit charges, obviously is one which is within the commission's exclusive jurisdiction. There was, therefore, no justiciable issue before the trial court. The fact that plaintiff seeks declaratory relief does not alter the rule that jurisdiction here is in the commission. This type of action does not enlarge the jurisdiction of the courts over subject matter of which they would not otherwise have jurisdiction. (*Hoyt* v. *Board of Civil Service Commrs.*, 21 Cal.2d 399 [132 P.2d 804].)

In 1934 the Public Utilities Commission (then known as the Railroad Commission) ordered the creation of the Los Angeles Extended Area. (*So. Calif. Tel. Co.*, 39 C.R.C. 164, 172, 180-183.) In the course of the opinion the commission pointed out that the eventual recording and *bulk billing of the charges* by message units would result in operating economies. (P. 179.)

The subject of itemized billing as contrasted with bulk billing of message unit charges in the Los Angeles Extended Area was again considered by the commission in 1958. (*Pacific Tel. & Tel. Co.*, 56 Cal. P.U.C. 277.) The commission pointed out that the matter of itemized billing as distinguished from bulk billing of message units in the Los Angeles Extended Area was explored in detail in the hearing. The commission stated: "The evidence discloses that detailing of message unit charges so as to provide the subscriber with the called number, the date of the call, or further information is a more costly process than that now in effect where automatic or machine tallying and bulk-billing of message unit charges is used. The record indicates that if applicant were to be required to adopt detailed billing of all message unit charges, additional plant investment of more than $5,000,000 and additional annual expenses of $5,800,000 might be incurred.

"Although certain parties claimed that a great many subscribers require itemized billing of multi-message unit calls,

4

the evidence is not convincing that such requirement comes from a substantial proportion of the subscribers utilizing such service."* (56 Cal. P.U.C. 297.) The commission has thus considered and ruled upon the matter of bulk billing and itemized billing of message unit charges in the Los Angeles Extended Area.

It is clear that the superior court had no jurisdiction over the subject matter here in controversy. The demurrer was therefore properly sustained without leave to amend.

The judgment is affirmed.

Ashburn, J., and Richards, J. pro tem.,† concurred.

---

*The commission went on to state that there was an indication that some subscribers do require itemized billing of their multi-message unit calls, and that for such subscribers the company's existing tariffs provide "a simple solution," which is there described. Plaintiff, however, is not seeking to avail himself of such solution as a means of getting his multi-message unit calls itemized.

†Assigned by Chairman of Judicial Council.