[Civ. No. 25333. Second Dist., Div. Two. Mar. 16, 1962.]

FRANCIS L. HARMON, Plaintiff and Appellant, v. THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, Defendant and Respondent.

Francis L. Harmon, in pro. per., for Plaintiff and Appellant.

454

Leslie C. Tupper and Lawler, Felix & Hall for Defendant and Respondent.

ASHBURN, J.—This is an appeal from an order denying plaintiff's motion to tax costs, which had as its objective disallowance of an item of $61.94 representing cost of printing respondent's brief on appeal.

Plaintiff filed his complaint for declaratory relief alleging the existence of a controversy as to the right of the respondent Pacific Telephone and Telegraph Company to charge for "message units" without identifying the calls upon demand. The demurrer of respondent was sustained without leave to amend and judgment of dismissal followed. This judgment was affirmed on appeal upon the ground that the subject matter came within the exclusive jurisdiction of the Public Utilities Commission, subject only to review by the Supreme Court. (*Harmon* v. *Pacific Tel. & Tel. Co.*, 183 Cal.App.2d 1 [6 Cal.Rptr. 542].) After the remittitur went down respondent filed its memorandum of costs on appeal in the sum of $61.94 for expense incurred in printing its brief on appeal.

Appellant's notice of motion states the grounds to be (1) that the sum of $61.94 for the printing of the brief was unnecessary and unreasonable, and (2) that in reality appellant is the prevailing party. Also it is argued that the provisions of rule 26, Rules on Appeal, deprive litigants of due process and equal protection of the law.

Under rule 26, Rules on Appeal, the prevailing party is entitled to his costs as an incident to the judgment on appeal, and such costs include "the reasonable cost of printing or reproduction of briefs by other process of duplication."

Appellant states that "a brief of like size which fully complies with the court rules can be prepared for less than $5.00," and in support thereof asserts in his affidavit "that the cost of printing Appellant's briefs was less than thirty cents per page including all necessary materials." In opposition to the motion, respondent filed the affidavit of Robert M. Parker, vice-president and general manager of Parker and Son, Inc., the printer of respondent's brief, in which it is stated that the cost of the brief, consisting of six pages of text and two pages of index, was $59.40 plus tax of $2.38 and postage of $.16. It is then averred: "The standard prices of $4.90 per printed page of text, $8.00 per printed page of index and $14.00 for covers were charged to Respondent in this case. The firm of Parker & Son, Inc., has been in the

business of printing legal briefs for over 60 years. This firm keeps a very accurate record of costs and production and the price charged for our services in this matter is just and reasonable under the present wage scale of the labor market and is calculated on the same basis as charges made to other customers of Parker & Sons, Inc.''

The fact that the brief could have been printed by some other printer, or produced by some other process, at a lesser cost is not controlling. The only requirements in this respect are that the cost be actually incurred and that it be reasonable. (*Wilson* v. *Board of Retirement*, 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373].) What is reasonable presents a question of fact which the trial court herein, upon conflicting evidence, determined adversely to appellant's contention. This ruling finds support in the record. (See *Oppenheimer* v. *Robinson*, 163 Cal.App.2d 367, 368 [329 P.2d 318]; *Oppenheimer* v. *Moebius*, 165 Cal.App.2d 659, 660 [332 P.2d 181]; *Eistrat* v. *Brush Industrial Lbr. Co.*, 156 Cal.App.2d 460, 461 [319 P.2d 466].)

Appellant's next contention is that ''as a result of these proceedings the Pacific Telephone and Telegraph Company has publicly announced that as soon as the necessary equipment becomes available it will furnish the subscribers with itemized statements of all message units used as was the objective of this action,'' thus appellant was in reality the prevailing party. In his affidavit appellant states that about two weeks after the District Court of Appeal filed its opinion (183 Cal.App.2d 1) and ''as a result of plaintiff's establishing of record in this action the illegality of defendant's billing procedures,'' an article (which he purports to quote) appeared in the Los Angeles newspapers announcing plans to offer subscribers detailed billing of multi-message unit calls.

We cannot agree that appellant was the prevailing party. The pertinent portion of rule 26(a) defines the ''prevailing party'' upon appeal: ''In the case of a general and unqualified affirmance of the judgment, or the dismissal of an appeal, the respondent shall be deemed the prevailing party. . . .'' Rule 26(b) provides: ''In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions. In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: (1) In the case of a general and

unqualified affirmance of the judgment, for the respondent.''
(See also Code Civ. Proc., § 1034.)

Upon the unqualified affirmance of the judgment on appeal herein, the clerk of this court, in issuing the remittitur on September 19, 1960, properly awarded costs to respondent.

 ''It has long been settled that an appellate court by its judgment determines the final award of costs on appeal (who shall recover the same), and the trial court determines the specific judgment (what items of costs the entitled party may recover under the general award) (*Gray* v. *Gray,* 11 Cal. 341; *Bell* v. *Superior Court,* 150 Cal. 31 [87 P. 1031]).'' (*Wilson* v. *Sharp,* 175 Cal.App.2d 691, 693-694 [346 P.2d 910].) (See also *Lavine* v. *Jessup,* 175 Cal.App.2d 136, 138 [345 P.2d 505]; 13 Cal.Jur.2d § 59, p. 281.) The appellate court's judgment on the former appeal which awarded costs to respondent is conclusive here. (See *Rosenfield* v. *Vosper,* 57 Cal.App.2d 605, 611 [134 P.2d 529, 135 P.2d 579].)

The remedy of a motion to recall the remittitur was not pursued by appellant herein—as it was in *In re McGee,* 37 Cal.2d 6 [229 P.2d 780] upon which appellant relies. However, *In re McGee* is not applicable to the present situation. There, the court held that, although judgment of the trial court was reversed, the decision ''in substance if not in form'' was in all respects favorable to respondent; that the position respondent had maintained from the inception of the proceedings was eventually upheld, i.e., that the trial court did not have jurisdiction to determine the election contest. Such is not the situation here. Plaintiff has failed to make out a case within the jurisdiction of the court and defendant's position was upheld throughout the proceedings. Clearly respondent was the prevailing party within the meaning of rule 26, and in all other respects. Costs were properly awarded to it. (See *Purdy* v. *Johnson,* 100 Cal.App. 416, 418 [280 P. 181]; *O'Hare* v. *Peacock Dairies, Inc.,* 28 Cal.App.2d 562, 563-564 [82 P.2d 1112]; *Gerstein* v. *Smirl,* 70 Cal.App.2d 238, 240-241 [160 P.2d 585].)

Of course, the matter which allegedly appeared in a newspaper was inadmissible hearsay (*Carpenter* v. *Ashley,* 148 Cal. 422, 426 [83 P. 444, 7 Ann.Cas. 601]; *Shumate* v. *Johnson Publishing Co.,* 139 Cal.App.2d 121, 133 [293 P.2d 531]), and it concerns matters occurring subsequent to the appellate judgment (*cf., People's Home Sav. Bank* v. *Sadler,* 1 Cal.App. 189, 193 [81 P. 1029]) which in no way affect respondent's right to costs.

The contention that rule 26 is unconstitutional is likewise without merit. Pertinent is the following from *Rosenfield* v. *Vosper, supra,* 57 Cal.App.2d 605, 610-611: "[H]is contention here overlooks the nature of costs. They are not a penalty imposed on the losing party for his misconduct: 'They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court.' (20 C.J.S. 257; *Purdy* v. *Johnson* (1929), 100 Cal. App. 416, 418 [280 P. 181].) 'Costs are a part of the burden of litigation, and no litigant is deprived of a constitutional right by statutes which impose such costs upon him.' (*Daniel* v. *Daniel* (1921), 116 Wash. 82 [198 P. 728, 27 A.L.R. 177, 181].)"

The order is affirmed.

Fox, P. J., and Herndon, J., concurred.