[Civ. No. 34477. Second Dist., Div. Five. June 30, 1970.]

TILDEN W. JOHNSON, Plaintiff and Appellant, v.
FORD MOTOR COMPANY et al., Defendants and Respondents.

**COUNSEL**

Tilden W. Johnson, in pro. per., for Plaintiff and Appellant.

Haight, Lyon, Smith & Nye and Charles B. Smith for Defendants and Respondents.

## OPINION

**REPPY, J.—**

### I. STATEMENT AND BACKGROUND OF THE CASE

Appeals in two cases are consolidated for our consideration under our number Civil 34477 and are dealt with in this one opinion. The two superior court cases appealed are No. 721951 (order denying motion to tax costs awarded to respondent Ford Motor Company (Ford) in appellant Tilden W. Johnson's (Johnson) unsuccessful prior appeal (Civ. No. 30732) and order denying motion to reconsider demurrers of Ford and respondent Goodyear Tire & Rubber Company (Goodyear) to counts I, III and V of the third amended complaint or to (again) dismiss said counts) and No. 798427 (order denying motion to tax costs awarded to Ford in Johnson's unsuccessful prior appeal (Civ. No. 30731)).[1]

A brief chronological background of the cases is in order:

In 1957 plaintiff brought an action against Ford and Goodyear in the federal district court alleging negligent manufacture of an automobile and tires by which he was subsequently injured in an accident. This action resulted in a final judgment on the merits for the defendants.

In 1959 plaintiff brought superior court action No. 721951 against the same defendants on the theories of strict liability, breach of warranty and false representations in advertising, set out in six counts. Counts I, II and V concerned express warranty, Civil Code, section 3514, and asserted abuse of process to obtain engineering information; counts II, IV and VI concerned implied warranty, product liability and fraudulent advertising. The incident upon which the suit was based was the same one which had been involved in the prior federal court suit. Demurrers without leave to amend were sustained to counts I, III and V. The first segment of a trial, bifurcated to allow disposition of affirmative defenses first, was had on the remaining three counts. The defendants prevailed on the basis of their three affirmative defenses—res judicata, collateral estoppel and statute of

---

[1]Johnson's notice of appeal in No. 721951 is directed at both the denial of the motion to tax costs (Ford only) and the denial of the motion to reconsider demurrers or (again) dismiss counts I, III and V, as to which both Ford and Goodyear are involved. The clerk of the superior court sent notice of the filing of the appeal to both Ford and Goodyear. Johnson's proof of service shows copy of plaintiff's designation of record on appeal being mailed to both Ford and Goodyear. Counsel for Ford, after the filing of plaintiff's opening brief, mailed a letter to this court, with a copy to Johnson, advising it felt that the opinion by division two in Civ. No. 30732 disposed of the demurrer problems and appeared at the time set for oral argument and waived it when Johnson submitted a letter in lieu of oral argument. Goodyear filed no brief or letter in lieu thereof and did not appear at oral argument.

limitations. A final judgment against plaintiff was entered and filed on July 10, 1964, which directed dismissal of the *entire* action.

While the above case was pending, plaintiff filed against Ford the action numbered 798427, wherein he sought recovery for the value of certain engineering information for product improvement which was allegedly gained by Ford from plaintiff when it was revealed in the litigation which followed the 1956 accident. Following service of the summons in this action, counsel for Ford moved for an order requiring plaintiff to furnish a security deposit pursuant to Code of Civil Procedure, section 391.1 (vexatious litigant). The trial judge found plaintiff to be a vexatious litigant under the terms of the statute and directed him to furnish a specified security deposit. Plaintiff did not make any security deposit. On February 18, 1965, defendant Ford moved the court to dismiss the action for failure of plaintiff to file the required security. This motion was granted, and a judgment of dismissal issued.

Plaintiff appealed separately from the adverse judgments of dismissal in each of the two superior court cases. On February 29, 1968, in two opinions certified for nonpublication, division two of this judicial district affirmed the judgments of the trial courts in their entirety. Petitions for rehearing in both cases were denied by division two on March 21, 1968. Petitions for hearing before our Supreme Court were denied on April 24, 1968. Defendants were allowed costs on appeal in each of the cases. Ford filed a cost bill relating to the appeals in each case. Goodyear did not file a cost bill in the case in which it was involved.[2]

## II. Points Brought Under Review by This Appeal

On May 13, 1968, plaintiff filed a document entitled "Notice of Plaintiff Motion to Vacate Judge Robt. H. Patton's Sept. 19, 1963 Demurrer Sustaining Without Leave To Amend Causes I, III, Order Trial or Amendment or Dismiss for Appealability . . ." together with points and authorities. This motion was directed at superior court case No. 721951, wherein the demurrers without leave to amend had been sustained to three of the six counts stated in plaintiff's complaint. The motion was heard on May 24, 1968, and denied. Plaintiff appeals from the order of denial.

On June 3, 1968, plaintiff filed a document in each case entitled, "Notice of Motion to Tax Costs," together with points and authorities, alleging that in both cases, Nos. 721951 and 798427, defendant Ford had spent excessive amounts in printing briefs and that therefore it should bear the costs above that which was reasonable. On June 24, 1968, the motions

---

[2]Goodyear had simply adopted Ford's brief as its own and apparently had no costs.

were heard on a consolidated basis and denied. Plaintiff appeals from each order of denial.

1. *Alleged failure to dismiss three counts and claimed lack of appealability thereof:*

■    Plaintiff's motion of May 13, 1968, asked Judge Kenny to reconsider and decide oppositely Judge Patton's 1963 ruling sustaining demurrers to counts I, III and V of plaintiff's complaint without leave to amend, or, in the alternative, to (again) enter a judgment of dismissal as to the three counts so that plaintiff could gain standing to appeal.

■    One cannot appeal merely from the order sustaining a demurrer without leave to amend. (3 Witkin, Cal. Procedure (1954) Appeal, § 19, p. 2162; *Michaels* v. *Mulholland,* 115 Cal.App.2d 563, 564 [252 P.2d 757].) ■    Further, the five-year provision of Code of Civil Procedure, section 583, is not applicable to bar a court from taking cognizance of a situation wherein no dismissal has been sought by either party (see Code Civ. Proc., § 581, subd. 3). In a proper case, the trial court must either overrule the demurrer on reconsideration or enter a judgment of dismissal. (*Berri* v. *Superior Court,* 43 Cal.2d 856, 858 et seq. [279 P.2d 8].) ■    However, in the instant case, the record reflects that there was a judgment of dismissal of the counts as to which the demurrers were sustained without leave to amend. After the demurrers were so sustained, the defendants, Ford and Goodyear, did not specifically move to have these counts dismissed; nor did plaintiff so move as he could have under Code of Civil Procedure section 581, subdivision 3. The parties went to trial on the initial phase as to the remaining three counts.[3] After the trial court found for defendants, sustaining their affirmative defenses as to each of the remaining counts, the trial court signed a judgment which adjudged, "That the above-entitled action [No. 721951] be and the same is hereby dismissed." This is clearly a dismissal as to all six counts set out in superior court case No. 721951. Thus, at that point, plaintiff had standing to assert that the trial court erred in sustaining the demurrers in his previous appeal decided in 1968 (Civ. No. 30732). Johnson's notice of appeal in Civ. No. 30732 (S.Ct. 721951) is confusingly segmented. In one part he appeals from the dismissal of counts II, IV and VI based on the sustaining of the affirmative defenses. There is no segment specifically appealing from the dismissal of counts I, III and V based on the sustaining of demurrers without leave to amend. In any event, under a heading in his brief entitled, "Errors in [Judge] Patton's

---

[3]In *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, the demurrer which was sustained was to the entire cause of action and not to individual counts. Thus, in *Berri,* unlike the instant case, after the demurrer was sustained without leave to amend, no trial was held on remaining issues.

Ruling on Ford and Goodyear Demurrers to the Complaint" Johnson did in fact argue that the court erred in sustaining the demurrers without leave to amend.

And finally, the Court of Appeal specifically found no error in the trial court's sustaining of these demurrers.[4]

Thus, plaintiff has had his appellate day in court on this point. The judgment of division two, by the doctrine of res judicata, precludes any further examination of the merits of the demurrer point. It is clear that plaintiff, when before Judge Kenny, either ignored or miscontrued the fact that he had unsuccessfully appealed the rulings on the demurrers following the trial court's dismissal of the entire action. His trial court motion thereafter to have the demurrers reconsidered or to have the causes of action again dismissed was entirely inappropriate. The order of the trial court denying the belated, noneffective motion was proper.

## 2. *The taxing of costs on appeal:*

In his written consolidated motion and in his oral argument thereon, plaintiff asserted that defendant Ford had claimed an excessive sum as the cost of printing briefs for the prior two appeals decided by division two on February 29, 1968. Plaintiff claims that he first submitted a brief that had been mimeographed and that the expense to defendant, if it had used a similar process, would have been approximately half of what it was by reason of its having used the printing process of a commercial printing house specializing in briefs. The governing provision is rule 26 of the California Rules of Court which allows to the "prevailing party . . . the reasonable cost of printing or reproduction of briefs by other process of duplication." The trial judge held that, without more of a specific showing by plaintiff that defendant's costs were excessive, it could not be said, as a matter of law, that the costs applied for were "unreasonable" within the terms of the rule. This holding was correct (*Harmon* v. *Pacific Tel. & Tel. Co.,* 201 Cal.App.2d 453, 454-455 [20 Cal.Rptr. 118].)

Johnson's reference to a claimed invalidity of Judge Moor's order requiring security in S.C. No. 798427 is out of place in this appeal. It is not involved in what was noticed and, in any event, was determined in Civ. No. 30731.

---

[4]The part of the opinion of division two in Civ. No. 30732 which covers this point, states: "[P]laintiff contends that errors were made in rulings on demurrers [and various other matters] . . . . It would unduly prolong this opinion to discuss these matters separately and in detail. Suffice it to say, we have reviewed the record with respect to each of plaintiff's contentions and we find no prejudicial error." (Unpublished opinion at pages 17-18.)

## III. Disposition

1. The order denying plaintiff's motion for reconsideration of demurrers or, in the alternative, for an order dismissing counts I, III and V of case No. 721951 is affirmed.

2. The order denying plaintiff's motion to tax costs on appeal in the consolidated hearing for cases Nos. 721951 and 798427 is affirmed.

Stephens, Acting P. J., and Aiso, J., concurred.

A petition for a rehearing was denied July 17, 1970, and appellant's petition for a hearing by the Supreme Court was denied August 26, 1970.