Marvin L. CONKLIN, Appellant–
Petitioner,

v.

Betty FISHER, Appellee–Respondent.

No. 91A02–0310–CV–835.

Court of Appeals of Indiana.

Feb. 19, 2004.

Jeffrey A. Cooke, J. Aaron Cooke, The Cooke Law Office, Lafayette, IN, Attorneys for Appellant.

Betsy K. Greene, Nunn & Greene Law Office, Bloomington, IN, Attorney for Amicus Curiae Indiana Trial Lawyers Association.

## OPINION

MAY, Judge.

Marvin L. Conklin filed suit against Betty Fisher for negligence. A jury found Conklin 85% at fault and Fisher 15% at fault and the trial court entered judgment for Fisher. The trial court ordered Conklin to pay $1,033.58 to White County for jury per diem/mileage costs, jury lunch and dinner costs, and bailiff reimbursement for jury expenses.[1] Conklin raises two issues, which we consolidate and restate as whether the trial court properly could assess jury costs against the losing party.

We reverse.[2]

## DISCUSSION AND DECISION

■ Initially, we note Fisher did not file a brief.[3] In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *AmRhein v. Eden*, 779 N.E.2d 1197, 1205 (Ind.Ct.App. 2002). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Id.* at 1205–06. The purpose of this rule is not to benefit the appellant. Rather, it is intended to relieve this court of the burden of controverting the arguments advanced for reversal where this burden rests with the appellee. *Id.* at 1206. Where an appellant is unable to meet that burden, we will affirm. *Id.*

■ "Costs were unknown at common law and may be awarded by a court only when they are authorized by statute." *Ag-Max, Inc. v. Countrymark Co-op., Inc.*, 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). Ind.Code § 34–52–1–1 provides: "[i]n all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." Ind. Trial Rule 54(D) also addresses costs: "except when express provision therefore is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law."

No Indiana decisions address the imposition of jury-incurred fees against a losing civil litigant.[4] Recently, in *VanWinkle v. Nash*, 761 N.E.2d 856 (Ind.Ct.App.2002), we addressed what items are included as "costs" that can be recovered. In *VanWinkle*, the prevailing party sought to recover costs of deposition transcription, medical records acquisition, photograph and diagram exhibits, and photocopying. We held that absent "manifest contrary legislative intent, the term 'costs' must be given its accepted meaning which does not include litigation expenses." *Id.* at 861. We found the term "costs" to be "an accepted legal term of art that has been strictly interpreted to include only filing fees and statutory witness fees." *Id.* See also *Midland–Guardian Co. v. United Consumers Club Inc.*, 499 N.E.2d 792, 801 (Ind.Ct.App.1986) (term "costs" in conversion statute providing for recovery of "three times actual damages, costs, and attorneys fees" did not include litigation

---

1. Per diem/mileage costs were $869.52, lunch was $80.00, dinner was $23.63, and the bailiff was reimbursed $60.43 for "jury expenses." (App. at 14.)

2. We deny Conklin's request for a pre-appeal conference.

3. The Indiana Trial Lawyers Association filed an *amicus curiae* brief.

4. In a criminal case, a trial court has no authority to assess trial costs against a criminal defendant. *Gooch v. State*, 685 N.E.2d 152, 155 (Ind.Ct.App.1997).

expenses such as deposition transcription, meals, lodging, witness fees and filing fees), *reh'g denied, trans. denied.*

■■■ "Costs are not a penalty imposed on the losing party for his misconduct. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court." *Harmon v. Pacific Tel. & Tel. Co.,* 201 Cal.App.2d 453, 20 Cal. Rptr. 118, 121 (1962) (internal quotation omitted). The record does not reflect that Fisher paid the jury's per diem or mileage costs, the jury's lunch and dinner costs, or the bailiff reimbursement for jury expenses, and Conklin was therefore not obliged to "indemnify" her for such. Rather, the costs imposed on Conklin appear to be in the nature of a penalty imposed on him as the losing party and they were therefore improper.

The jury costs the trial court assessed were not filing fees nor were they statutory witness fees. As a result, the trial court erred in assessing jury costs and expenses against Conklin in the absence of authorization by statute or court rule.[5]

Reversed.

BAKER, J., and NAJAM, J., concur.

---

5. Because we resolve the case on this ground, we need not address Conklin's alternative argument the imposition of costs was unconstitutional because it would force a civil litigant to pay for exercising his right to trial by jury.