[No. F021320. Fifth Dist. May 30, 1995.]

RICARDO RAMIREZ, Plaintiff and Respondent, v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant,
Cross-complainant and Respondent;
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant, Cross-defendant and Appellant.

474

COUNSEL

McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner and Todd W. Baxter for Defendant, Cross-defendant and Appellant.

Parichan, Renberg, Crossman & Harvey and Charles L. Renberg for Defendant, Cross-complainant and Respondent.

No appearance for Plaintiff and Respondent.

OPINION

**MARTIN, Acting P. J.**—State Farm Mutual Automobile Insurance Company (State Farm) appeals from an order granting a motion by St. Paul Fire and Marine Insurance Company (St. Paul) to tax costs incurred by State Farm as the successful appellant in a prior appeal (*Ramirez* v. *State Farm** (Cal.App.)), and from a subsequent judgment directing in part that State Farm should recover its costs entirely from one of the respondents in that

---

*Reporter's Note: Opinion deleted upon direction of Supreme Court by order dated October 21, 1993 (F015517).

appeal, Ricardo Ramirez, and not from St. Paul, the other respondent. State Farm contends the trial court lacked authority under the circumstances to apportion costs, and its apportionment was unjustified in any event. We agree with the first contention and reverse.

## BACKGROUND

Ricardo Ramirez was injured in 1985 when the vehicle in which he was a passenger was struck by a van driven by the employee of a business owned by George Shore. Shore had rented the van a few days earlier from a company insured by St. Paul under a policy extending coverage in certain circumstances to renters. In addition, Shore and his wife were insured under three separate policies issued by State Farm for their personal automobiles.

The following year, Ramirez sued Shore and others for his injuries. St. Paul accepted Shore's defense and made payments to Ramirez satisfying what it claimed was the limit of coverage under its policy ($15,000). State Farm denied coverage and refused to defend. It also rejected an offer to settle the case for $25,000, the limit of coverage under its policies. Ramirez and Shore eventually settled the suit for $77,000; Shore agreed to assign his rights against State Farm to Ramirez in exchange for Ramirez's promise not to execute against Shore. A stipulated judgment was later entered to this effect.

Ramirez initiated the present action in 1988 by filing a complaint against State Farm for, among other things, insurance bad faith and declaratory relief. He later amended the complaint to join St. Paul, alleging in substance that St. Paul's policy covered his claim up to $600,000 rather than $15,000. St. Paul and State Farm each filed cross-complaints against the other for indemnity.

In the first phase of a two-part trial, the court held State Farm's policies were ambiguous and should be interpreted to cover Ramirez's claim. In the second phase, it concluded State Farm and St. Paul were jointly and severally liable to Ramirez for the $77,000 stipulated judgment against Shore, plus amounts already paid by St. Paul. And it found each was entitled to equitable indemnity from the other for one-half the total owed Ramirez.

Before judgment was entered, Ramirez and St. Paul settled for $38,000. The court, upon St. Paul's motion, ruled the settlement had been made in good faith and dismissed the cross-complaints between State Farm and St. Paul. It then entered judgment against State Farm for the balance due Ramirez, plus interest.

State Farm appealed from both the judgment in favor of Ramirez and from the order dismissing its cross-complaint against St. Paul. State Farm argued its policies unambiguously denied coverage for Ramirez's claim against Shore. It also claimed other provisions of the policies, notably the "escape" and "no action" clauses, precluded coverage; its coverage, if any, was excess to that afforded by St. Paul's policy in the amount of $600,000; St. Paul's actions made it liable for the full amount of Ramirez's claim notwithstanding its policy limits; and State Farm's bad faith, if any, had been cured or waived. With respect to dismissal of its cross-complaint against St. Paul, State Farm argued its claim of indemnity was not foreclosed by St. Paul's settlement with Ramirez because its right to indemnity was based on an express contractual agreement with St. Paul, and because the settlement had not been made in good faith.

In an opinion filed July 8, 1993, we agreed with State Farm's first contention that its policy was not ambiguous. We concluded: "[W]e hold the State Farm policy provided no coverage to Shore or to Landin [his employee] under the facts of this case. It follows State Farm did not act in bad faith by denying coverage, by refusing to defend the Ramirez action, or by refusing to accept a settlement offer within its policy limits. State Farm is the only appellant before the court and all issues raised by State Farm on its cross-complaint against St. Paul are predicated on the assumption State Farm provides coverage in the case. Accordingly, reversal of the judgment in favor of Ramirez and against State Farm will dispose of all issues in this appeal.

"The judgment in favor of Ramirez and against State Farm is reversed. State Farm is entitled to its costs." (*Ramirez* v. *State Farm, supra.*)

The remittitur issued on October 26 and directed: "Appellant(s) . . . to recover costs."

State Farm thereupon filed in the superior court a memorandum of costs on appeal for a total of $10,160.63. St. Paul moved to tax costs on the ground State Farm was the prevailing party in the appeal only with respect to Ramirez such that the court should allocate the costs to Ramirez alone. At a hearing on the motion, the court indicated its agreement with this position but proposed to defer a ruling to allow either party to seek clarification of the cost award from this court. It concluded: "I mean, it really offends reason to interpret the Court of Appeal decision that reversed the judgment in favor of the plaintiff [Ramirez], as to which St. Paul was not a party, to assert that State Farm should recover costs from someone who is not a party to the judgment and who was not an appellant but was a respondent on an appeal

from a dismissal pursuant to approval of good faith settlement on an issue that was not reached or dealt with.

"And the—it is quite true, I can't change—though I may want to—the decision of the Court of Appeal on the issue of costs. But no matter where the case—no matter what Court the decision may come from, there was never a monopoly on absolute perfection and clarity. The writer of the decision might have very easily thought that it was most clear that State Farm was to recover costs from the respondent Ramirez, and—so really a reasonable interpretation really suggests that the State Farm should not recover their costs from St. Paul."

Neither party accepted the trial court's invitation to pursue the matter in this court. The trial court then granted St. Paul's motion to tax costs. A judgment was entered directing that Ramirez should take nothing in his action against State Farm, and that State Farm was entitled to recover its costs on appeal only from Ramirez. State Farm has appealed from the order granting St. Paul's motion and from the judgment.

## DISCUSSION

This appeal raises two questions. ■ We must first determine whether, when an appellate court simply awards costs to one of the parties to an appeal without further direction, the trial court on a motion to tax costs is empowered to apportion those costs among the opposing parties. If we conclude that it is, we must then review the court's allocation of costs for an abuse of discretion. In the circumstances presented here, we conclude St. Paul's only recourse to correct what it perceived to be an unjust or ambiguous award of costs lay with this court.

The prevailing party is ordinarily entitled to recover its costs on appeal. Rule 26 of the California Rules of Court (hereinafter Rule 26) provides in part:

"(a) Except as provided in this rule, the prevailing party shall be entitled to costs on appeal as an incident to the judgment on appeal. In the case of a general and unqualified affirmance of the judgment, or the dismissal of an appeal, the respondent shall be deemed the prevailing party; in the case of a reversal, in whole or in part, or of a modification of the judgment, the appellant shall be deemed the prevailing party. *In any case in which the interests of justice require it, the reviewing court may make any award or apportionment of costs it deems proper. . . .*

"If there is more than one notice of appeal or if the judgment of the trial court is reversed in whole or in part, or modified, the opinion shall specify the award or denial of costs.

"(b) In any case in which the reviewing court directs the manner in which costs shall be awarded or denied, the clerk shall enter on the record and insert in the remittitur a judgment in accordance with such directions. In the absence of such directions by the reviewing court the clerk shall enter on the record and insert in the remittitur a judgment for costs as follows: (1) in the case of a general and unqualified affirmance of the judgment, for the respondent; (2) in the case of a dismissal of the appeal, for the respondent. . . ." (Italics added.)

As the emphasized language makes plain, only the reviewing court is empowered to depart from the usual rule for awarding costs when "the interests of justice require it," as by directing the parties to bear their own costs, by awarding costs to other than the nominal prevailing party, or by apportioning costs among the parties. (*Schwartz* v. *Schwartz* (1969) 268 Cal.App.2d 685, 690 [74 Cal.Rptr. 192]; *Estate of Miller* (1968) 259 Cal.App.2d 554, 559 [66 Cal.Rptr. 768]; *Wilson* v. *Sharp* (1959) 175 Cal.App.2d 691, 694 [346 P.2d 910]; *Lavine* v. *Jessup* (1959) 175 Cal.App.2d 136, 138 [345 P.2d 505]; *Weck* v. *L. A. County Flood Control Dist.* (1948) 89 Cal.App.2d 278, 283 [200 P.2d 806]; *Paine* v. *Bank of Ceres* (1943) 60 Cal.App.2d 621, 623 [141 P.2d 219].)

"It has long been settled that an appellate court by its judgment determines the final award of costs on appeal (who shall recover the same), and the trial court determines the specific judgment (what items of costs the entitled party may recover under the general award) [citation]." (*Wilson* v. *Sharp, supra,* 175 Cal.App.2d at pp. 693-694.) When an appellate court directs in its opinion that the appellant is to recover its costs on appeal, "no one, neither the lower court nor any of the unsuccessful respondents . . . [is] entitled to overrule [the] court by analyzing . . . [its] order[] awarding costs and in part setting aside [the] order[] for judgment." (*Estate of Miller, supra,* 259 Cal.App.2d at p. 559.)

Consequently, a losing party seeking an allocation of costs on appeal must direct its request to the appellate court. Further, the request should normally be made before the court loses its jurisdiction over the matter by issuance of the remittitur. (*Wilson* v. *Sharp, supra,* 175 Cal.App.2d at p. 694; *Weck* v. *L. A. County Flood Control Dist., supra,* 89 Cal.App.2d at pp. 283-284; *Paine* v. *Bank of Ceres, supra,* 60 Cal.App.2d at p. 623.) The party "should not be permitted to wait and see if the court exercises [its] power on its own motion, and, if it does not, secure, in effect, a second hearing on a motion to recall the remittitur." (*Paine* v. *Bank of Ceres, supra,* 60 Cal.App.2d at p. 623.) However, an appellate court may grant a motion to recall the remittitur upon a showing of mistake, imposition or inadvertence. (*In re McGee* (1951)

37 Cal.2d 6, 9 [229 P.2d 780]; *Lavine* v. *Jessup, supra,* 175 Cal.App.2d at p. 138.)

St. Paul relies in large measure on *Schwartz* v. *Schwartz, supra,* 268 Cal.App.2d 685 for the proposition that a trial court, although not empowered to modify an appellate court's award of costs, may nonetheless endeavor to resolve ambiguities in it. (See also *People* ex rel. *Cooper* v. *Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 384-385 [211 Cal.Rptr. 501]; *Whipple* v. *Cowdrey* (1965) 235 Cal.App.2d 501 [45 Cal.Rptr. 343]; *Combs* v. *Haddock* (1962) 209 Cal.App.2d 627 [26 Cal.Rptr. 252].) However in *Schwartz* and these other cases the appellate court, under circumstances in which it reasonably might have apportioned costs, neglected in its opinion to make any mention of costs at all. Consequently the clerk of the court inserted a judgment for costs in the remittitur in compliance with Rule 26(b). The remittitur was found to be ambiguous and therefore subject to interpretation by the trial court. The ambiguity arose not from the remittitur itself but from the appellate court's failure to address the subject of costs. That is, "[t]he opinion . . . becomes a part of the remittitur [citation], and the ministerial act of issuance of same [citation] cannot control the court's judgment." (*Combs* v. *Haddock, supra,* 209 Cal.App.2d at p. 631, fn. omitted.)

In the present case, by contrast, our opinion expressly provided that "State Farm is entitled to its costs." Therefore the remittitur, which merely reiterated this instruction, was not ambiguous. We need not speculate whether we might have exercised our discretion to apportion costs had St. Paul properly raised the issue in a timely manner. In the absence of any direction in our earlier opinion to the contrary, the usual rule applies entitling State Farm to recover its costs from both Ramirez and St. Paul. The trial court lacked the authority under the circumstances to interpret our opinion to apportion costs.

The trial court's order granting St. Paul's motion to tax costs, and that portion of the judgment limiting State Farm's recovery to Ramirez, is reversed. Costs are awarded to appellant.

Stone (W. A.), J., and Vartabedian, J., concurred.

A petition for a rehearing was denied June 21, 1995, and the petition of respondent St. Paul Fire and Marine Insurance Company for review by the Supreme Court was denied August 23, 1995.