[No. A126240. First Dist., Div. Four. June 29, 2011.]

MARY MUSAELIAN, Plaintiff, v.
WILLIAM ADAMS et al., Defendants and Respondents;
JOHN G. WARNER, Objector and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]The opinion is certified for publication with the exception of part II.C.

**COUNSEL**

No appearance for Plaintiff.

John G. Warner, in pro. per., for Objector and Appellant.

Mark T. Clausen for Defendants and Respondents.

**OPINION**

**RIVERA, J.**—John G. Warner appeals orders denying his motion for attorney fees on appeal under Code of Civil Procedure[1] section 128.7 and taxing costs on appeal. We affirm.[2]

## I.  BACKGROUND

We are familiar with the background of this case through our review of two previous appeals in this action (*Musaelian v. Adams* (July 25, 2007, A112906) [nonpub. opn.] (*Musaelian I*)[3] & *Musaelian v. Adams* (May 18, 2010, A116412) [nonpub. opn.] (*Musaelian III*)) and an appeal in the underlying action (*Reiter v. Musaelian* (June 30, 2006, A110100) [nonpub. opn.]).

In *Musaelian II*, our Supreme Court summarized the background of this controversy as follows: "Plaintiff Mary Musaelian is married to Andrew Musaelian. Joseph Reiter, represented by Attorney William L. Adams, brought suit against Andrew Musaelian and Andrew Musaelian's business, Attorney Legal Research (ALR), seeking damages for conduct relating to litigation between Reiter and one of ALR's clients. Reiter obtained default judgments against both Andrew Musaelian and ALR. Reiter then sought partial satisfaction of the judgments by means of a forced sale of a residence Andrew Musaelian owned jointly with plaintiff. Plaintiff sought to avoid the sale by filing a third party claim of ownership of the residence, but the superior court denied her claim. Plaintiff and Andrew Musaelian sought to protect their home by filing for chapter 13 relief in the United States Bankruptcy Court for the Northern District of California. Reiter filed claims against the bankruptcy estate to recover sums representing the judgments against Andrew Musaelian and ALR. The bankruptcy court dismissed the claim for the sum represented by the judgment against ALR, reasoning that claim could be satisfied only from ALR's assets, which did not include plaintiff's home. The Ninth Circuit Bankruptcy Appellate Panel affirmed.

"Plaintiff, represented by Attorney John G. Warner, then filed this action against Reiter and Adams, seeking damages on theories of negligence, intentional infliction of emotional distress, abuse of process, slander of title,

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] In the unpublished portion of this opinion, we consider and reject Warner's contention that his costs on appeal included the interest on a loan with which he asserts he funded his cash deposit in lieu of an appeal bond.

[3] Our Supreme Court granted review of *Musaelian I*, and affirmed our judgment in *Musaelian v. Adams* (2009) 45 Cal.4th 512 [87 Cal.Rptr.3d 475, 198 P.3d 560] (*Musaelian II*).

invasion of privacy and malicious prosecution, all based on Reiter's attempts to force the sale of plaintiff's home to satisfy the default judgment entered against ALR. Adams, representing himself and joined by Reiter, demurred on the grounds the first five causes of action were subject to the litigation privilege of Civil Code section 47, and the sixth cause of action, for malicious prosecution, lacked merit because the state court action had terminated in Reiter's favor. Adams and Reiter also moved under section 128.7 for sanctions including attorney fees against plaintiff and Warner.

"The trial court sustained defendants' demurrers without leave to amend. It later granted the motions for sanctions, finding Reiter had been the prevailing party throughout the state court proceedings, no reasonable person or party could have believed plaintiff's lawsuit had merit, and it was clear the suit was filed for an improper purpose to delay, harass, increase the cost of litigation or otherwise acquire a bargaining chip usable in the ongoing litigation between the parties. The court ordered plaintiff and Warner to pay $25,050 to Adams as 'reasonable sanctions including attorney fees,' a sum matching the amount of attorney fees sought by Adams." (*Musaelian II, supra,* 45 Cal.4th at pp. 515–516.)

Warner and Mary Musaelian appealed the sanction order. Mary Musaelian thereafter reached a settlement with Reiter, and this court dismissed the appeal as to her, leaving only Warner as an appellant. (*Musaelian I, supra,* A112906.) We reversed the award of attorney fees to Adams, concluding that because Adams had represented himself, he had not "incurred" attorney fees for purposes of sanctions under section 128.7. We also concluded Mary Musaelian's action was not frivolous. Our Supreme Court granted review, and affirmed our judgment.[4] (*Musaelian II, supra,* 45 Cal.4th at pp. 514–515, 521.)

A remittitur issued from this court, which provided that appellant was to recover his costs on appeal. Warner thereupon submitted a memorandum of costs on appeal, seeking $29,934.93 in costs. Among the costs Warner claimed was $13,276.33 in attorney fees. Warner also filed a separate motion for those attorney fees. Adams moved to tax or strike costs, and opposed the motion for attorney fees.

---

[4] The high court limited the issues on review to the question: "Was [Adams], an attorney representing himself in a civil action, entitled to an award of attorney fees as a sanction against the plaintiff under Code of Civil Procedure section 128.7 for engaging in frivolous litigation?" (*Musaelian II, supra,* S156045, Supreme Ct. Mins., Apr. 11, 2007.)

The trial court denied Warner's motion for attorney fees on the ground that the moving papers were inadequate, and granted in part the motion to tax costs, setting Warner's recoverable costs at $1,259.44. Warner appealed these orders.

## II.  DISCUSSION

### A.  *Attorney Fees*

Warner contends attorney fees should have been awarded under section 128.7. Section 128.7, subdivision (b), provides that by presenting a pleading, petition, notice of motion, or other similar paper to the court, "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief," after reasonable inquiry, the paper is not being presented primarily for an improper purpose, such as harassment or unnecessary delay or increase in cost; the legal contentions are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," the factual contentions have or are likely to have evidentiary support, and the denials are warranted either by the evidence or are reasonably based on lack of information or belief.

Section 128.7, subdivision (c), upon which Warner relies for his claim of attorney fees, provides in pertinent part: "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. In determining what sanctions, if any, should be ordered, the court shall consider whether a party seeking sanctions has exercised due diligence. [¶] (1) A motion for sanctions under this section shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). . . . *If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.*" (Italics added.)

The trial court based its denial on the request for attorney fees on Warner's failure to invoke section 128.7, describe the specific sanction being sought, or name the parties to whom it was addressed. The court stated, "A judge ought not be required to search a memorandum of points and authorities or supporting declarations to determine the justification for making some order

which is not specified in the moving papers, by which a potentially serious sanction might be imposed upon a lawyer or party not identified in the moving parties, supported by a mandatory (cf. Code Civ. Proc. § 128.7[,] sub. (e)) description of the conduct determined to justify the sanction imposed. [¶] This judge declines to do so." Warner argues the trial court erroneously treated his request for attorney fees as an independent motion for sanctions—rather than a request for fees incurred in opposing *Adams's* motion for sanctions—and erred in failing to consider his request on the merits as a result of the procedural defects. He asks us to direct the trial court to consider the merits of his claim for attorney fees.

We reject Warner's invitation to reverse the trial court's decision on this issue. First, as Warner concedes, the notice of motion did not comply with California Rules of Court, rule 3.1112(d), under which a motion must identify the party or parties bringing the motion, name the parties to whom it is addressed, briefly state the basis for the motion and the relief sought, and state the specific portion of any pleading that is challenged. In particular, the notice of motion did not mention the statutory basis of the motion, section 128.7.

Even assuming the trial court erred in not excusing these procedural defects, an award of attorney fees would not be proper. Attorney fees may be awarded to the party prevailing on a motion for sanctions under section 128.7 only "[i]f warranted." (*Ibid.*) The parties have drawn our attention to no California case discussing when such an award is warranted, and our own research has disclosed none. (3) We may look for guidance, however, to cases construing the virtually identical provision of rule 11 of the Federal Rules of Civil Procedure (28 U.S.C.) (Rule 11), upon which section 128.7 was modeled. (*Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1168–1169 [57 Cal.Rptr.3d 755].)[5] As stated in *Safe-Strap Co., Inc. v. Koala Corp.* (S.D.N.Y. 2003) 270 F.Supp.2d 407, 421, in discussing the provision in question, " 'the filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions.' " Attorney fees incurred in defending against a Rule 11 motion are " 'infrequently granted where the motion was not clearly frivolous, filed for an improper purpose, or not well-grounded in fact or law.' " (*E. Gluck Corp. v. Rothenhaus* (S.D.N.Y. 2008) 252 F.R.D. 175, 183; see also *Richelson v. Yost* (E.D.Pa. 2010) 738 F.Supp.2d 589, 602 [denying request for attorney fees incurred in

---

[5] Rule 11 provides in pertinent part: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." (Fed. Rules Civ.Proc., rule 11(c)(2), 28 U.S.C.)

defending against Rule 11 motion in part because (1) party had supplied no reason for awarding fees except its conduct was not sanctionable, and (2) motion was not objectively unreasonable]; *Haniotakis v. Nassan (In re Zion)* (W.D.Pa. 2010) 727 F.Supp.2d 388, 413 [declining to address plaintiffs' demand for counsel fees incurred in responding to Rule 11 motion where plaintiffs had not filed motion and likelihood of award in their favor was "remote" because motion did not appear frivolous]; *G-I Holdings, Inc. v. Baron & Budd* (S.D.N.Y., Aug. 21, 2002, No. 01 Civ. 0216 (RWS)) 2002 U.S.Dist. Lexis 15443, pp. *54–*55 [attorney fees for cost of defending against Rule 11 motion not warranted where motion was "not clearly frivolous and in fact presented a close question"].) Thus, although Rule 11 does not explicitly require a separate finding of violation of Rule 11 to award attorney fees incurred in opposing a Rule 11 motion, it appears that such fees are normally not awarded if the Rule 11 motion was not frivolous, unfounded, filed for an improper purpose, or otherwise unreasonable. Such a conclusion is consistent with the purpose of section 128.7, as well, which is " 'to deter frivolous filings.' " (*Hart v. Avetoom* (2002) 95 Cal.App.4th 410, 414 [115 Cal.Rptr.2d 511].)

▮ Although Adams was ultimately unsuccessful in his motion for sanctions, his motion was not frivolous. We would be hard pressed to conclude otherwise, in light of the fact that the trial court ruled in his favor. (See *Roberts v. Sentry Life Insurance* (1999) 76 Cal.App.4th 375, 383–384 [90 Cal.Rptr.2d 408] [denial of summary judgment motion establishes probable cause to sue].) Moreover, in reversing the trial court's order, we did not rely simply on established law; rather, we disagreed with two published appellate decisions, concluding that a different result was compelled by an earlier decision of the California Supreme Court, and in *Musaelian II* our high court disapproved those decisions. (*Musaelian II, supra,* 45 Cal.4th at pp. 519–520, disapproving *Laborde v. Aronson* (2001) 92 Cal.App.4th 459 [112 Cal.Rptr.2d 119] and *Abandonato v. Coldren* (1995) 41 Cal.App.4th 264 [48 Cal.Rptr.2d 429] and following *Trope v. Katz* (1995) 11 Cal.4th 274 [45 Cal.Rptr.2d 241 [902 P.2d 259]; see also *Musaelian III, supra,* A116412.) In the circumstances, attorney fees for Warner's costs in opposing the motion for sanctions are not warranted.

## B.  *Apportionment of Costs*

Among the costs on appeal claimed by Warner were $755 in filing fees and $325 for preparation of the reporter's transcript. The trial court reduced these amounts by half, to reflect the portion of the costs for which Mary

Musaelian—who had originally been an appellant before being dismissed voluntarily—was responsible. Warner contends the trial court exceeded its authority in apportioning costs in this manner.

■ The right to recover costs on appeal is governed by California Rules of Court, rule 8.278 (rule 8.278). (See § 1034; *Lavine v. Jessup* (1959) 175 Cal.App.2d 136, 138 [345 P.2d 505] (*Lavine*).) Rule 8.278(a) provides in part: "(1) Except as provided in this rule, the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal. [¶] . . . [¶] (5) In the interests of justice, the Court of Appeal may also award or deny costs as it deems proper." The right to recover costs depends on four conditions: "(1) There must be a valid judgment awarding costs to the party claiming them; (2) the item must be one allowed by rule or statute; (3) the amount claimed must have been actually incurred; (4) the amount claimed must be reasonable." (*Wilson v. Board of Retirement* (1959) 176 Cal.App.2d 320, 323 [1 Cal.Rptr. 373] [discussing entitlement to costs on appeal].)

■ Interpreting a predecessor to this rule, the court in *Ramirez v. St. Paul Fire & Marine Ins. Co.* (1995) 35 Cal.App.4th 473, 477–479 [41 Cal.Rptr.2d 416] (*Ramirez*), faced the question of "whether, when an appellate court simply awards costs to one of the parties to an appeal without further direction, the trial court on a motion to tax costs is empowered to apportion those costs among the opposing parties." (*Id.* at p. 477.) The court concluded the authority to apportion costs among the *opposing parties* resided only in the Court of Appeal, stating, " 'It has long been settled that an appellate court by its judgment determines the final award of costs on appeal (who shall recover the same), and the trial court determines the specific judgment (what items of costs the entitled party may recover under the general award) [citation].' [Citation.] When an appellate court directs in its opinion that the appellant is to recover its costs on appeal, 'no one, neither the lower court nor any of the unsuccessful respondents . . . [is] entitled to overrule [the] court by analyzing . . . [its] order[] awarding costs and in part setting aside [the] order[] for judgment.' [Citation.] [¶] Consequently, a losing party seeking an allocation of costs on appeal must direct its request to the appellate court. Further, the request should normally be made before the court loses its jurisdiction over the matter by issuance of the remittitur. [Citations.]" (*Id.* at p. 478.)

■ The court in *Ramirez* distinguished *Schwartz v. Schwartz* (1969) 268 Cal.App.2d 685 [74 Cal.Rptr. 192] (*Schwartz*), and other cases that concluded "that a trial court, although not empowered to modify an appellate court's

award of costs, may nonetheless endeavor to resolve ambiguities in it" (*Ramirez, supra*, 35 Cal.App.4th at p. 479) on the ground that in those cases, the appellate court did not mention costs in its opinion. The court went on, "The remittitur [in those cases] was found to be ambiguous and therefore subject to interpretation by the trial court. The ambiguity arose not from the remittitur itself but from the appellate court's failure to address the subject of costs." (*Ibid.*; see also *Schwartz, supra*, 268 Cal.App.2d at p. 690 [" 'The interpretation of a remittitur requires that the court's opinion be consulted, especially in case of ambiguity [citations], and that meaning given to it which harmonizes with the court's ruling.' "]; accord, *In re Marriage of Jovel* (1996) 49 Cal.App.4th 575, 590–591 [56 Cal.Rptr.2d 740] [where appellate court awarded costs to prevailing party, trial court did not have authority to apportion costs among opposing parties].)

Warner contends this case is governed by the rule of *Ramirez,* and that the trial court lacked authority to apportion costs on appeal between himself and Mary Musaelian. This case differs from *Ramirez* in at least one important respect—the issue here is not whether the trial court has authority to apportion costs among losing parties, but whether the trial court has authority to interpret the remittitur to allow to the prevailing party only those costs that were reasonably attributable to that party.[6] As we have noted, Mary Musaelian was originally a party to *Musaelian I*, but was dismissed from the appeal at her request after the record on appeal had been filed. In its authority to decide what items Warner was entitled to receive (see *Ramirez, supra*, 35 Cal.App.4th at p. 478), the trial court could reasonably order that Warner only recover *his own* costs, rather than those of Mary Musaelian.[7] In the circumstances of this case, we see no error in the trial court's determination.

C.  *Interest on Cash Deposit in Lieu of Appeal Bond**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] Our opinion in *Musaelian I* did not mention costs.

[7] In the context of an award of trial court costs under section 1032, the court in *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 986 [52 Cal.Rptr.3d 400], disapproved on another ground in *Goodman v. Lozano* (2010) 47 Cal.4th 1327 [104 Cal.Rptr.3d 219, 223 P.3d 77], stated, " 'A prevailing party is entitled to recover only those costs actually incurred by that party or on that party's behalf in prosecuting or defending the action. When a prevailing party has incurred costs jointly with one or more other parties who are not prevailing parties for purposes of an award of costs, the judge must apportion the costs between the parties.' [Citations.]"

*See footnote, *ante*, page 1251.

## III.   DISPOSITION

The orders are affirmed.

Reardon, Acting P. J., and Sepulveda, J., concurred.

A petition for a rehearing was denied July 29, 2011, and the opinion was modified to read as printed above.