Filed 9/19/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DUCOING MANAGEMENT INC., | |
| Petitioner, | G050457 |
| v. | (Super. Ct. No. 30-2010-00361854) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | O P I N I O N |
| Respondent, | |
| WINSTON & ASSOCIATES INSURANCE BROKERS, INC., et al., | |
| Real Parties in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, John C. Gastelum, Judge. Petition granted.

Foley Bezek Behle & Curtis, Roger N. Behle, Jr., Justin P. Karczag and Muhammed T. Hussain for Petitioner.

No appearance for Respondent.

Wood, Smith, Henning & Berman, Seymour B. Everett III, David L. Martin and Christopher C. Hossellman for Real Parties in Interest.

\*          \*          \*

THE COURT:*

## INTRODUCTION

This writ petition demonstrates the importance of the disposition in an appellate opinion in determining the form of judicial relief, particularly when the disposition reverses a judgment and remands for retrial. The disposition articulates what the trial court should do, with clear and understandable instructions, and whether and how the trial court should exercise its discretion upon remand.

Here, this court issued an opinion on an appeal from two plaintiffs who were both nonsuited at trial. (The two plaintiffs were represented by the same counsel and presented a unified theory of recovery.) We affirmed the judgment of nonsuit as to the second plaintiff but reversed the judgment "in all other respects," remanding the matter for a retrial by the first plaintiff. Essentially, we left plaintiffs' claims intact, holding they properly were pursued in their entirety by the first plaintiff, the second plaintiff being superfluous for purposes of recovery. We awarded no costs on appeal. No party filed a petition for rehearing.

Are real parties (defendants below) automatically entitled to recover all their trial costs as prevailing parties from petitioner (the second plaintiff below) without any further review? If yes, real parties will succeed in recovering very substantial trial costs even though their adversaries yet may achieve *all* their litigation objectives.

In this writ proceeding, we apply the plain words of the disposition to preclude such an irrational outcome. Because we reversed the judgment "in all other respects," our disposition reversed not only the judgment of nonsuit as to the first plaintiff, but also that portion of the judgment which awarded costs to real parties. In accordance with our prior notification to the parties, we issue a peremptory writ in the first instance to effectuate the clear meaning of our disposition.

* Before O'Leary, P.J., Fybel, J., and Thompson, J.

In *Ducoing Enterprises, Inc. v. Winston & Associates Insurance Brokers, Inc.* (Sept. 9, 2013, G046734) [nonpub. opn.] (hereafter Slip Opn.), we considered an appeal from a judgment of nonsuit in a trial against real parties, an insurance broker and his insurance brokerage, who were sued for negligent failure to procure insurance coverage.

Brent and Ami Ducoing, a married couple, created a corporation, Ducoing Enterprises, Inc. (DEI), to provide painting services. At their accountant's advice and with real party's assistance, the Ducoings later created a second corporation, petitioner Ducoing Management, Inc., ostensibly to take advantage of lower rates for workers' compensation insurance. Both DEI and petitioner do business under the fictitious name "Perfection Painting." A dishonest payroll manager concocted a scheme to create so-called "ghost" employees and embezzled more than $90,000, causing the Ducoings to sustain substantial losses. To their consternation, the Ducoings discovered their current coverage did not include employee dishonesty coverage, even though real party recalled that employee dishonesty coverage had been included in prior policies. (Slip Opn. at pp. 2-7.)

In April 2010, DEI and petitioner, as plaintiffs, filed suit against real parties, as defendants, for negligence, negligent misrepresentation, and breach of fiduciary duty in failing to procure full insurance coverage with "'all the bells and whistles,'" as allegedly promised by the insurance broker. (Slip Opn. at p. 3.) DEI and petitioner jointly pursued the same causes of action, and jointly sought the same damages from real parties.

The matter came to jury trial over several days in January 2012. At the close of plaintiffs' case-in-chief, the trial court (Judge David R. Chaffee) granted real parties' motion for nonsuit against both DEI, the first plaintiff, and petitioner, the second plaintiff. The trial court reasoned that DEI sustained no loss because the payroll manager

3

only stole money from petitioner, not DEI, and because real parties owed no duty to petitioner to provide employee dishonesty coverage; such duties, if any, were owed only to DEI. (Slip Opn. at pp. 7-8.)

On March 28, 2012, the trial court entered judgment in favor of real parties and against DEI and petitioner. In the first paragraph, the trial court ordered that real parties "shall have JUDGMENT entered in their favor and against PLAINTIFFS, DUCOING MANAGEMENT, INC., and DUCOING ENTERPRISES, INC. dba PERFECTION PAINTING (hereinafter 'Plaintiffs') who shall recover nothing by reason of their Complaint against Defendants."

In the second paragraph of the March 28, 2012 judgment, the trial court ordered that real parties were entitled to costs in the amount of $50,089. The second paragraph did not specify from which plaintiff the costs were to be paid.

Both DEI and petitioner appealed from the March 28, 2012 judgment.

In September 2013, we filed our unpublished decision on appeal, affirming the judgment of nonsuit as to petitioner, but reversing the judgment "[i]n all other respects," and remanding the matter for "further proceedings." (Slip Opn. at p. 11.)

Here is our disposition in the *Ducoing* appeal: "The judgment against [petitioner] is affirmed. *In all other respects*, the judgment is reversed and the matter is remanded for further proceedings. In the interest of justice, no party may recover costs incurred on appeal." (Slip Opn. at p. 11, italics added.)

In particular, we reversed the trial court on its key evidentiary finding: that the payroll manager's theft did not affect DEI. To the contrary, we held "[t]he evidence at trial established that *all* of the the money stolen by [the payroll manager] came from DEI." (Slip Opn. at p. 9, italics added.) "This is not a matter of blurring corporate distinctions, as the trial court stated. The money embezzled by [the payroll manager] came from her employer, DEI. Although the falsified checks were drawn from [petitioner's] payroll account, the money came from DEI." (*Ibid.*)

4

As to petitioner, we affirmed the judgment of nonsuit, but for a different reason than that provided by the trial court. Because the payroll manager was not petitioner's employee, we concluded that petitioner could have no claim under any employee dishonesty coverage, even were real parties to owe a duty of reasonable care to petition to procure such protection. We stated: "But one fact is dispositive: [The payroll manager] was not an employee of [petitioner] at the time her dishonest conduct occurred. She was employed by DEI. Thus even if [real parties] owed [petitioner] a duty of care, and breached that duty of care by failing to procure employee dishonesty coverage for [petitioner], no claim could have been made by [petitioner] under such coverage." (Slip Opn. at p. 10.)

As a result of our opinion, even with the partial affirmance of the nonsuit, real parties remained potentially liable for *all* damages proximately caused by their negligent failure to provide employee dishonesty coverage to the Ducoings.

Following the remand, the case was reassigned to a different trial judge (Judge John C. Gastelum), who set the matter for retrial of DEI's tort action against defendants.

Real parties began trying to execute against petitioner alone on the full $50,089 cost award in the March 28, 2012 judgment. In April 2014, petitioners secured an order from the trial court for petitioner to appear at a judgment debtor examination.

On May 29, 2014, petitioner filed a motion to quash the judgment debtor examination, and for an order deeming the costs portion of the March 28, 2012 judgment to be unenforceable. According to petitioner, ". . . *all* Defendants still face the very same claims and damages that they faced in the original trial. The Court of Appeal merely confirmed that these claims and damages may not be pursued jointly by both [petitioner] and DEI, but may be pursued by DEI, alone."

On June 17, 2014, the trial court denied petitioner's motion to deem the March 24, 2012 judgment for costs against petitioner to be unenforceable. The court

5

construed our disposition affirming the judgment against petitioner to include the cost award of $50,089.

The trial court continued the hearing on petitioner's motion to quash the judgment debtor examination to consider whether the court had inherent authority "in the interest of justice" to stay enforcement of the cost award against petitioner pending the outcome of the retrial by DEI.

On July 15, 2014, the trial court issued a new minute order on the undecided portions of petitioner's motion to quash. The court held it had no power to stay enforcement of the cost award.

On July 21, 2014, petitioner timely filed a writ petition, with an immediate stay request, and real parties filed a preliminary opposition. After reviewing the submitted documents, we granted an immediate stay of the scheduled judgment debtor examination and any further enforcement efforts. We issued a *Palma* notice and gave real parties the option of filing a further supplemental response. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179 (*Palma*).) Real parties filed a supplemental response, with supporting exhibits.

## DISCUSSION

A.     *Standard of Review of Dispositional Language in Appellate Opinions*

The disposition constitutes the rendition of the judgment of appeal, and is the part of the opinion where we, in popular parlance, deliver the goods. "The 'judgment' on appeal must be distinguished from the appellate court's 'opinion' in general. The body of the written opinion discusses the procedural history, the facts and the applicable law. The actual *judgment* is the one-paragraph *disposition* . . . found at the end of the opinion." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 11:45, p. 11–16 (rev. #1, 2011), italics in original.)

6

The appellate court has the authority in the disposition to "affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."  (Code Civ. Proc., § 43.)

A disposition is not intended to be a riddle, and the directions in the dispositional language, as conveyed by the remittitur, are to be followed by the trial court on remand.  (*Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902 (*Frankel*); see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701-702 [trial court may not reopen case after appellate court's unqualified affirmance].)

The appellate court need not expressly comment on every matter intended to be covered by the disposition.  The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole.  (*Eldridge v. Burns* (1982) 136 Cal.App.3d 907, 917-918.)  "It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand."  (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863 (*Ayyad*).)

The best time and place for a party to raise any concerns regarding the disposition is by a petition for rehearing before the opinion becomes final as to the appellate court.  (Cal. Rules of Court, Rule 8.268; see *Kenney v. Kenney* (1954) 128 Cal.App.2d 128, 133 ["It is not inconceivable that the directions of a reviewing court may be imperfect, or impractical of execution.  Under those circumstances the aggrieved party has his remedy in a petition for rehearing"].)

Whether the trial court has correctly interpreted an appellate opinion is an issue of law subject to de novo review.  In interpreting the language of a judicial opinion, the appellate court looks to the wording of the dispositional language, construing these directions "in conjunction with the opinion as a whole."  (*Ayyad, supra,* 210 Cal.App.4th at p. 859;  see also *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435 ["To the extent that

the dispositional language used in our remittitur did not expressly state [our directions] . . . , the opinion as a whole compels that interpretation"].)

B. *The Dispositional Language in the Prior Appellate Opinion Reversing the Judgment "In All Other Respects" Reversed the Portion of the March 28, 2012 Judgment Awarding Costs to Real Parties.*

Real parties claim to be "enforcing their rights against Petitioner as affirmed by this Court." According to real parties, "[t]he trial court's decision permitting such enforcement is directly in line with this Court's ruling."

That is not what we held: our disposition says the very opposite. The March 28, 2012 judgment lists the judgment on liability (against both DEI and petitioner) and the cost award (also against both DEI and petitioner) in separate paragraphs. In our disposition, we affirmed the judgment as to petitioner but reversed the same judgment "[i]n *all other respects*" and remanded it for retrial. (Slip Opn. at p. 11, italics added.)

Our reversal was unqualified ("in all other respects"), with the single exception of the judgment of nonsuit as to petitioner. It necessarily included the cost award, which was contained in a separate and distinct portion of the judgment decreeing that petitioner take nothing from real parties. There is nothing in our opinion to suggest that the cost portion of the second paragraph of the judgment survived our reversal "[i]n all other respects."[1]

---

[1] A disposition that reverses a judgment automatically vacates the costs award in the underlying judgment even without an express statement to this effect. (See *Allen v. Smith* (2002) 94 Cal.App.4th 1270, 1284, disapproved on another ground in *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315; *Evans v. Southern Pacific Transportation Co*. (1989) 213 Cal.App.3d 1378, 1388.) We added the extra qualifier that the judgment is reversed "[i]n all other respects" to make it clear that this rule applies even though we also were affirming in part the judgment of nonsuit as to petitioner.

8

Notably, our prior opinion did not award costs on appeal to any party. Had we been inclined to adopt real parties' theory, we would have awarded real parties costs on appeal as against petitioner. We did not do so. Instead, in our disposition, we determined that the parties should each bear their own costs on appeal "in the interest of justice." (Slip Opn. at p. 11.)

Practically, this result gave DEI all the relief that had been requested by both DEI and petitioner. There is no justification for allowing real parties to recover *all* their trial costs as the prevailing parties in the action when the matter is still left to be tried. As petitioner puts it, "[I]t would be patently unfair to make [petitioner] liable for all costs incurred and collectable by [real parties] as part of these expenses were incurred defending against DEI's causes of action."

In light of the dramatically different litigation landscape, the trial court will take another look at the cost award at the close of the second trial to ensure that no party recovers costs as a prevailing party which were neither reasonably necessary to the conduct of the litigation nor unreasonable in amount. (Code Civ. Proc., § 1033.5, subd. (c).) Given the unity of interests and the joint representation among the litigants here, it seems, as petitioner argued below, the "better course is to wait until the retrial is complete" before determining the appropriate cost award.[2]

C.    *The Dispositional Language in the Prior Appellate Opinion Recognizes the Special Situation Created by Jointly Represented Litigants With a Unified Theory of Liability.*

Numerous cases recognize the special situations created by multiple litigants who are jointly represented by a single set of attorneys, who join in the same

---

[2] We are mystified why real parties used our *Palma* notice as an excuse to successfully postpone the scheduled trial date for DEI, the one remaining plaintiff. Had DEI's trial gone forward as originally scheduled, it may well have mooted the issues presented by this writ petition.

motions and responses, and share a unity of interests. Sometimes, one of these jointly represented litigants loses while its co-litigants go on to prevail. (See e.g., *Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 985 [*Wakefield*], disapproved on another ground in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1338; *Slavin v. Fink* (1994) 25 Cal.App.4th 722, 726 [one of two jointly represented parties prevailed in litigation only because he mistakenly had been sued in an individual capacity]; *Smith v. Circle P. Ranch Co.* (1978) 87 Cal.App.3d 267, 271-272 [two parties jointly represented by same counsel, one of whom won, the other lost]; see also *Musaelian v. Adams* (2011) 197 Cal.App.4th 1251, 1258-1259 & fn. 7 [citing *Wakefield*]; 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 94, pp. 625-626.)

How should costs be awarded in such circumstances? In *Wakefield,* as relevant here, a homebuyer sued sellers, a husband and wife, over construction defects. The jury exonerated the wife, but awarded damages to the buyer against the husband. On appeal, the *Wakefield* court rejected the wife's argument that she was entitled to all her trial costs as a matter of right as a prevailing party under Code of Civil Procedure section 1032. Instead, *Wakefield*, pursuant to longstanding judicial interpretation of section 1032, applied what it called the "second prong" of the statute, permitting the trial court, in its discretion, to allow costs, and, if allowed, to apportion such costs.[3] (*Wakefield, supra,* 145 Cal.App.4th at p. 977.)

*Wakefield* held the second prong to apply because the wife had a "unity of interest" with her husband in joining in the litigation and in making the same defenses in the same answer. "Put another way, 'where one of multiple, jointly represented

---

[3] Code of Civil Procedure section 1032, subdivision (a)(4) reads: "When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

10

defendants presenting a unified defense prevails in an action, the trial court has discretion to award or deny costs to that party.'" (*Wakefield, supra,* 145 Cal.App.4th at p. 984.) "According to the undisputed facts, [the losing seller-husband] and [the winning seller-wife] were represented by the same attorney, filed a joint answer to [the buyer's] complaint, and joined in the same motions and responses. The [sellers] thus share a unity of interest. For that reason, the categorical prevailing party definition 'does not apply' to [the seller wife]. [Citation.]" (*Id.* at p. 985.)[4]

As explained in *Wakefield,* the trial court retains discretion under the second prong of Code of Civil Procedure section 1032 to award, deny or allocate costs in light of the jointly represented sets of parties and the unity of interests during the first trial. Key factors in such an allocation are the necessity of the claimed costs, its related factor of "fairness" and "whether the parties achieved their principal litigation objectives." (*Wakefield, supra,* 145 Cal.App.4th at p. 986.)

With DEI and petitioner jointly pursuing the same damages, it is unjust to permit real parties to recover all of their trial costs for the first trial from petitioner when defendants may be liable for the exact same trial costs if they lose to DEI at retrial.

*Anderson v. Pacific Bell* (1988) 204 Cal.App.3d 277 (*Anderson*), cited by real parties and the trial court, is distinguishable. *Anderson* held that an employer was entitled to an award of costs following its successful summary judgment against employees. The employer prevailed on summary judgment because the employees, who sued for retaliatory discipline, could not prove they had been disciplined. Despite this, the trial court declined to award trial costs to the employer, reasoning that the remaining

---

[4] *Wakefield* noted that Civil Procedure section 1032, subdivision (b) had been amended after the "unity of interest" doctrine first had been articulated, but the court held the settled case law regarding the doctrine survived the 1986 statutory amendments. Although the statutory language has changed, the underlying precept [regarding the unity of interest principle] . . . continues to apply." (*Wakefield, supra,* 145 Cal.App.4th at p. 985.)

employee plaintiffs might yet prove that they had been disciplined (and damaged) because of employer's same unlawful practices. On appeal, *Anderson* disagreed, finding the employer's "statutory right as prevailing party to recover its own costs from the dismissed plaintiffs is not dependent on any hypothetical, future right the remaining plaintiffs might have to recover their different costs." (*Id.* at pp. 286-287.)

*Anderson* involves a different situation. The *Anderson* plaintiffs each had their own individual damage claims; by prevailing on summary judgment, the *Anderson* employer lessened its overall potential liability. By contrast, DEI and petitioner together seek recovery for the *identical* claims and damages, all of which we have found to flow through DEI.

Further, in *Anderson,* the employer only sought to recover statutory costs for the depositions of the employees whose claims had been dismissed on summary judgment, not for any other costs. (*Anderson, supra,* 204 Cal.App.3d at pp. 286-287.) As a result, the cost award in *Anderson* distinguished between costs incurred as a result of the actions or tactics of the dismissed employees, as opposed to the employees who remained as plaintiffs in the litigation. Here, in contrast, real parties seek to require petitioner to pay all trial costs from the first trial, without any apportionment and without regard to how they were incurred.

D.    *Why a Peremptory Writ in the First Instance Should Issue.*

Petitioner's entitlement to relief is clear and no useful purpose would be served by plenary consideration of the issue. (See *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237-1238 (*Brown*); *Palma, supra,* 36 Cal.3d 171.)

We reiterate the obvious: the phrase "the judgment is reversed in all other respects" means what it says. Had we meant otherwise, we would have expressly so stated in the disposition. We do not "hide elephants in mouseholes." (*Whitman v.*

12

*American Trucking Associations, Inc.* (2001) 531 U.S. 457, 468.) Real parties did not file a petition for rehearing, or seek any clarification when we issued our opinion and disposition in September 2013.

Petitioner lacks any plain, speedy or adequate remedy at law. Real parties insist upon enforcing the cost award, by obtaining confidential financial information and by placing liens on its bank accounts and levying upon its property, even though the March 28, 2012 judgment is not enforceable insofar as it awards costs against petitioner.

Since an order to show cause would add nothing to the parties' presentation, we follow the accelerated *Palma* procedure. (Code Civ. Proc., § 1088; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 416 (*Frisk*); *Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 919.) This opinion follows a *Palma* notice because of an "'"unusual urgency requiring acceleration of the normal process."'" (*Frisk, supra,* 200 Cal.App.4th at p. 416.)

We twice requested and received opposition from real parties, the second time after issuing a *Palma* notice. Because the papers adequately address the issues raised by the petition and because of the absence of any factual dispute, we find the statutory requirements to have been met. (Code Civ. Proc., §1088; *Brown, supra*, 47 Cal.4th at p. 1241; *Frisk, supra,* 200 Cal.App.4th at p. 416.)

### DISPOSITION

Let a peremptory writ of mandate issue in the first instance directing respondent court to vacate its order of June 17, 2014 denying petitioner's motion to deem unenforceable the cost portion of March 28, 2012 judgment, and to further vacate its order of July 15, 2014 denying petitioner's motion to quash the judgment debtor examination, and to enter a new and different order granting petitioner's motions. Upon finality of this decision, the temporary stay order shall be dissolved. Petitioner shall recover its costs in this writ proceeding.

13